IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
July 11, 2013 Session

## VIOLET CORROZZO v. JOSEPH CORROZZO

**Appeal from the Chancery Court for Rutherford County**
**No. 00-DR-1329     Royce Taylor, Judge**

---

**No. M2012-01317-COA-R3-CV - Filed August 13, 2013**

---

Ex-wife appeals from a trial court's adoption of a report by the clerk and master that her ex-husband had fully satisfied a judgment for unpaid pension payments arising from the parties' 1996 divorce and the determination that she is not entitled to recover attorney's fees incurred in the underlying case and other proceedings. The clerk and master found that an October 2001 judgment for an unpaid arrearage in pension payments had been satisfied and the ex-wife did not timely file an objection. The trial court adopted the clerk and master's report and entered judgment accordingly. The court also ruled that the ex-wife was not entitled to recover attorney's fees in this or other proceedings including those specified in the 2003 bankruptcy court agreed order. Although the ex-wife waived any objection to the report of the clerk and master, and thus, the trial court's adoption of that report is affirmed, we have determined that the reference to the clerk and master was limited to determining the ex-husband's pension obligations under the October 2001 chancery court judgment. Whether the sums owed by the ex-husband for attorney's fees and costs in the amount of $13,904.44 identified in the 2003 bankruptcy court agreed order were not specified as issues in the order of reference to the master. Because the ex-husband's obligations to pay to the ex-wife the attorney's fees and costs specified in the 2003 bankruptcy order were not identified in the order of reference, the ex-wife's failure to timely file an objection does not constitute a waiver of that issue. We have also determined that whether the sums owing under the 2003 bankruptcy order are a legal obligation of the ex-husband is a question of law, not a question of fact, and the failure to timely object to the master's report does not constitute a waiver of an issue of law. The 2003 bankruptcy order expressly states the ex-husband owes the sum of $13,904.44, plus interest, to the ex-wife for her attorney's fees and costs, and he is collaterally estopped from denying the debt specified in the 2003 bankruptcy order. Therefore, we have concluded that the ex-wife is entitled to recover $13,904.44, plus interest. Accordingly, we remand for further proceedings consistent with this opinion.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court**
**Affirmed in Part, Vacated in Part, and Remanded**

FRANK G. CLEMENT, JR., J., delivered the opinion of the Court, in which ANDY D. BENNETT and RICHARD H. DINKINS, J.J., joined.

James D. R. Roberts, Jr. and Janet L. Layman, Nashville, Tennessee, for the appellant, Violet Corrozzo.

Mary Beth Hagan and Joshua A. Jenkins, Murfreesboro, Tennessee, for the appellee, Joseph Corrozzo.

## OPINION

The parties, Violet Corrozzo[1] ("Wife") and Joseph Corrozzo ("Husband") were divorced in Illinois in December 1996. Pursuant to the 1996 divorce decree, Wife was entitled to forty (40%) percent of Husband's pension payments from the Policeman's Annuity & Benefit Fund of Chicago (the "Pension"). Husband, however, failed to pay or assign to Wife any portion of the 40% share of his pension payments as ordered in the 1996 divorce decree. Further, Husband moved out of state and essentially disappeared for over four years. As a result, Wife's efforts to enforce the divorce decree were wholly unsuccessful until learning that Husband had filed a petition for Chapter 13 bankruptcy in the Middle District of Tennessee and that he was residing in Rutherford County, Tennessee.

Wife domesticated the divorce decree pursuant to an order by the Chancery Court for Rutherford County on October 9, 2001, and obtained a judgment of $67,576.04 for an arrearage of unpaid pension payments and attorney's fees. Thereafter, Husband continued his attempts to avoid paying the pension obligation. As a result, protracted litigation followed in the Rutherford County chancery court, the Bankruptcy Court for the Middle District of Tennessee, and the Court of Appeals of Tennessee.[2]

In June 2003, the parties entered into an Agreed Order of Non-Dischargeability in the bankruptcy court. The bankruptcy order stated that Husband owed Wife the following sums for attorney's fees and costs: $500 for obtaining a Qualified Domestic Relations Order in Illinois; $7,850 resulting from a prior appeal to this court; $4,063.94 from Husband's attempts to reopen the divorce case in Illinois; and $1,490.50 in Husband's bankruptcy proceedings, for a total sum of $13,904.44. The 2003 bankruptcy order additionally stated that Wife was entitled to "intercept and receive" Husband's 60% share of the pension payments until "all such sums which are owed to her by [Husband] have been satisfied in

---

[1] Her current name is Violet Guarino.

[2] This is the second appeal in this matter.

full, including interest accruing at the statutory rate of ten (10) percent." Thereafter, Wife received the entirety of Husband's pension as mandated by the 2003 bankruptcy order as a means to satisfy Husband's financial obligations to her.[3]

On November 7, 2011, Husband filed a motion titled Post-Judgment Motion for Satisfaction of Judgment in the Chancery Court of Rutherford County. He asserted that his obligations to Wife under the chancery court judgment had been paid and, therefore, he was entitled to begin receiving his 60% share of the monthly pension payments as specified in the 1996 divorce decree. He further asserted that his obligation had been overpaid, for which he was entitled to a monetary judgment against Wife.

A hearing occurred one week after the filing of the motion, on November 14, 2011. During the hearing, Wife asserted that the judgment had not been satisfied and that Husband still owed thousands of dollars; Husband's counsel insisted the judgment was fully satisfied, if not overpaid. After hearing arguments from counsel for both parties, the trial court elected to refer the matter to the clerk and master. The order of reference, entered on November 23, 2011, reads in pertinent part:

> It is, THEREFORE, **ORDERED** that John Bratcher, the Clerk & Master for the Chancery Court of Rutherford County, Tennessee, shall be, and hereby is, appointed to determine whether the October 9, 2011 Final Order of Judgment has been satisfied in full by the payments taken from [Husband's] 60% portion of his Pension.

Thereafter, Wife filed several requests for post-judgment discovery including interrogatories, a notice of deposition, and a motion to compel discovery. Husband opposed the discovery and subsequently filed a motion to quash all discovery. The trial court granted Husband's motion and quashed discovery pending further orders of the court. In the interim, counsel for the parties corresponded, voraciously attempting to explain why the other's "accounting" was in error or fraught with mistakes and miscalculations. Throughout this period, Wife repeatedly argued that the judgment was not satisfied due to, *inter alia*, outstanding attorney's fees and costs of collection referenced in the 2003 bankruptcy court "Agreed Order of Non-Dischargeability" and so-called "refunds" by Wife from 2002 to 2006 in the bankruptcy proceedings.

The hearing before the clerk and master was set for February 3, 2012. Immediately prior to the hearing before the clerk and master, Wife filed a Petition for Civil Contempt, or in the Alternative, Declaratory Action alleging that Husband was in contempt of numerous

---

[3]As part of the Agreement, Wife paid a portion of the pension to the Chapter 13 bankruptcy trustee.

court orders including the October 2001 Rutherford County chancery court order and the 2003 bankruptcy court agreed order.

During the hearing before the clerk and master, the parties restated their respective arguments after which the clerk and master took the matter under advisement. Two weeks later, on February 16, 2012, the clerk and master filed his report finding that the October 2001 chancery court judgment of $67,576.04 had been satisfied and that Husband was entitled to a judgement for overpayment of that judgment. The clerk and master also addressed Wife's contention that attorney's fees and costs in the amount of $13,904.44, as specified in 2003 bankruptcy court order were not satisfied and that the interception of Husband's pension payment should remain in effect until it was fully satisfied. The clerk and master held:

3. The primary question then is whether or not attorney's fees, in the amount of $13,914.44 were included in the judgment;

4. The $13,914.44 amount was determined to be non-dischargeable in the Bankruptcy Court for the Middle District of Tennessee, but it was not reduced to a judgment in that Court nor any other court:

5. There having been no order reducing said attorney's fees to a judgment in this Court, you Clerk and Master determined that the 2001 judgment has been satisfied and that in fact the judgement has been overpaid by $5,528.24, which includes no interest: . . .

Wife did not file an objection to the master's report until June 13, 2012, the same date the master's report came on for hearing before the trial court. After hearing from both parties, the trial court adopted the master's report and found that not only was the judgment paid in full, but that Husband had overpaid the judgment. Thus, the court held that Husband had overpaid the 2001 chancery court judgment in the amount of $5,528.24.

In the interim, Husband had filed a motion for sanctions pursuant to Tennessee Rule of Civil Procedure 11. The trial court ruled upon Husband's motion for sanctions finding that Wife's present attempts to collect additional funds were frivolous and for "sums that were never reduced to judgment," and assessed Rule 11 damages against Wife, individually, but not her counsel. Thereafter, Husband filed a motion for alternative findings or in the alternative to alter or amend the ruling to assess the Rule 11 sanctions against Wife's counsel instead of Wife individually, or that the court make additional findings regarding sanctions under Rule 11. In an order entered on July 31, 2012, the trial court stated that while it believed Wife's filings were made for the purpose of delay, the court could not make

sufficient findings of fact on the issue and therefore set aside the award of attorney's fees under the motions for sanctions. Wife filed a timely appeal.

## ANALYSIS

On appeal, Wife raises three issues. Although not stated in this fashion, Wife challenges the trial court's decision affirming the report of the clerk and master, who found Husband's obligation under the October 2001 chancery court judgment had been satisfied and the determination that Wife was no longer entitled to receive Husband's pension. She contends that the trial court lacked authority to modify the order of the United States bankruptcy court and the court erred in failing to allow a full hearing on the amounts Husband owed prior to determining the judgment was paid in full. Wife also contends that the trial court erred in dismissing her petition for contempt and declaratory action in which she sought to establish the full amount Husband owed.

The foregoing notwithstanding, the fundamental contention by Wife throughout these proceedings was that Husband owed additional sums to Wife that the parties agreed upon and which are stated in the June 2003 Agreed Order entered into the bankruptcy court. Thus, she asserts that even if the October 2001 chancery court judgment was satisfied, Wife is still entitled to intercept and receive Husband's entire pension payment, as the 2003 bankruptcy order expressly provides, *"until all such sums which are owed to her by [Husband] have been satisfied in full, including interest accruing at the statutory rate of ten (10) percent,"* a legal obligation that Husband *"is collaterally estopped from denying henceforth."*

For his part, Husband asks this court to determine whether the trial court erred in reversing the award of attorney's fees and costs pursuant to Tennessee Rule of Civil Procedure 11 and whether this is a frivolous appeal for which Husband is entitled to sanctions pursuant to Tennessee Code Annotated § 27-1-122.

### I.
### ORDER OF REFERENCE TO CLERK & MASTER

"The trial court in which any action is pending may appoint a Special Master." Tenn. R. Civ. P. 53.01.[4] "The order of reference . . . may specify or limit the master's powers and may direct the master to report only upon particular issues. . . ." Tenn. R. Civ. P. 53.02. "Subject to the specifications and limitations stated in the order, the master has and shall exercise the power to regulate all proceedings in every hearing before him or her and to do

---

[4]"The procedures outlined in this rule shall apply to Clerks and Masters of the Chancery Courts as well as to Special Masters appointed pursuant to Rule 53.01." Tenn. R. Civ. P. 53.02.

all acts and take all measures necessary or proper for the efficient performance of the duties under the order." *Id*.

> (1) Contents and Filing. The master shall prepare a report upon the matters submitted by the order of reference and, if required to make findings of fact and conclusions of law, the master shall set them forth in the report. The master shall file the report with the clerk of the court, . . . The clerk shall forthwith mail to all parties notice of the filing.

> (2) In Non-Jury Actions. In an action to be tried without a jury the court shall act upon the report of the master. Within ten (10) days after being served with notice of the filing of the report, any party may serve written objections thereto upon the other parties. Application to the court for action upon the report and upon objections thereto shall be by motion and upon notice as prescribed in Rule 6.04. The court after hearing may adopt the report or may modify it or may reject it in whole or in part or may receive further evidence or may recommit it with instructions.

Tenn. R. Civ. P. 53.04(1) - (2).

## II.
### WHETHER THE 2001 CHANCERY COURT JUDGMENT HAS BEEN SATISFIED?

In a report filed on February 16, 2012, the master found that the October 2001 chancery court judgment of $67,576.04 had been satisfied. The master also addressed Wife's contention that attorney's fees and costs specified in the 2003 bankruptcy order in the amount of $13,904.44. The master addressed the issue as follows:

3. The primary question then is whether or not attorney's fees, in the amount of $13,914.44 were included in the judgment [referring to the 2001 chancery court judgment];

4. The $13,914.44 amount was determined to be non-dischargeable in the Bankruptcy Court for the Middle District of Tennessee, but it was not reduced to a judgment in that Court nor any other court:

5. There having been no order reducing said attorney's fees to a judgment in this Court, your Clerk and Master determined that the 2001 [chancery court] judgment has been satisfied and that in fact the judgement has been overpaid by $5,528.24, . . .

-6-

The master's report was filed on February 16, 2012. Wife did not file an objection to the report until June 13, 2012, the same date the report came on for hearing before the trial court for a determination pursuant to Tennessee Rule of Civil Procedure 53.04(2). As the rule provides, the trial court, after hearing from the parties, "may adopt the report or may modify it or may reject it in whole or in part or may receive further evidence or may recommit it with instructions." *Id*.

At the conclusion of the June 13, 2012 hearing, the trial court adopted the report and entered an order holding that the 2001 chancery court judgment was paid in full, and in fact, it was overpaid and awarded Husband a judgment of $5,528.24.

In this appeal, Wife contends this was an erroneous ruling because the clerk and master failed to acknowledge the sums Husband owed under the 2003 bankruptcy court order. For his part, Husband argues that Wife waived her right to challenge the master's report by failing to timely file a written objection within ten days of the service of notice of the filing of the report as required by Tennessee Rule of Civil Procedure 53.04. Husband also contends the ruling was correct as a matter of law.

Tennessee Rule of Civil Procedure 53.04(2) provides that following the report of the master either party may serve written objections upon the other parties within ten days of service of notice of the filing of the report. The master's report was entered on February 16, 2012. Wife did not file an objection until eighty-three days later, on May 11, 2012. This court has held that the failure of a party to file a written objection to the master's report within the ten days proscribed by Rule 53.04 waives any objection to *factual findings* within the report on appeal. *Varnadoe v. McGhee*, No. W2001-00075-COA-R3CV, 2001 WL 1683799, at *3 (Tenn. Ct. App. Dec. 27, 2001) (citing *Barnhill v. Barnhill,* 826 S.W.2d 443, 458 (Tenn. Ct. App. 1991)). Wife did not file a timely objection to the report; thus, Wife waived her objections to the *factual findings* contained in the master's report. Accordingly, the master's finding of fact that the October 2001 chancery court judgment had been satisfied and overpaid cannot be challenged by Wife on appeal.

The foregoing notwithstanding, a master is limited to the *particular issues* contained in the order of reference from the trial court. *See* Tenn. R. Civ. P. 53.02. In this action, the order of reference stated that "the Clerk & Master . . . is appointed to determine whether the October 9, 2011 Final Order of Judgment [in the chancery court] has been satisfied in full by the payments taken from [Husband's] 60% portion of his Pension." The order of reference did not instruct the clerk and master to determine whether the sums Husband expressly agreed to pay the sums owed pursuant to the 2003 bankruptcy court order were satisfied. Whether the sums owed pursuant to the bankruptcy court order were satisfied was not a particular issue identified in the order of reference; therefore, the master was not authorized

to make that determination. Because the order of reference did not direct the master to report on that particular issue, the master did not have the authority to make a determination, as a matter of fact or law, that the sums Husband owed to Wife under the 2003 bankruptcy order were unenforceable. *See* Tenn. R. Civ. P. 53.02. Accordingly, Wife has not waived this issue.

## III.
### WHETHER WIFE IS STILL ENTITLED TO INTERCEPT AND RECEIVE HUSBAND'S PENSION?

The 2003 bankruptcy order states that Wife may collect the entirety of Husband's pension payment until "all such sums" owed to her have been satisfied in full. The order further specifically identifies the sums that are owed by category and amount. The 2003 bankruptcy court order reads as follows:

### AGREED ORDER OF NON-DISCHARGEABILITY

This matter came before the court on April 7, 2003 upon the objection to confirmation of creditor Violet Corrozzo. The parties agree that the issues raised by Violet Corrozzo are legitimate issues of non-dischargeability, and desiring to forego continuing litigation, have agreed to resolve such issues as follows:

1. *It is recognized that Violet Corrozzo is entitled to intercept and receive debtor Joseph Corrozo's entire Policeman's Annuity and Benefit Fund of Chicago pension payment until all such sums which are owed to her by Mr. Corrozzo have been satisfied in full, including interest accruing at the statutory rate of ten (10) percent.*

2. Debtor Joseph Corrozzo agrees to provide all assistance which is required or necessary for the entry of the Qualified Illinois Domestic Relations Order (QILDRO). The costs and attorneys fees for achieving entry of the same are agreed to be in the nature of support as defined by 11 U.S.C. § 523(a)(5) and are not dischargeable. *The costs and attorneys fee for Roberts & Associates in this matter are estimated to be $500.00.*

3. It is agreed that the attorneys fees and costs incurred by Violet Corrozzo for her representation in Tennessee Court of Appeals Case No. M2001-02789-COA-R3-CV are in the nature of support as defined by 11 U.S.C. § 523(a)(5) and are not dischargeable. In this case, the Court of Appeals affirmed the Rutherford County Chancery Court's domestication of the divorce decree between Joseph Corrozzo and Violet Corrozzo from the

Cook County, Illinois Circuit Court and the support obligations contained therein. *The attorneys fees and costs incurred by Violet Corrozzo for her representation by Roberts & Associates in this matter are agreed to be $7,850.00 as of June 2, 2003.*

4. It is agreed that the attorneys fees incurred by Violet Corrozzo for her representation in Joseph Corrozzo's attempted reopening of Circuit Court of Cook County, Illinois Case No. 94D14995 (the divorce case) are in the nature of support as defined by 11 U.S.C. § 523(a)(5) and are not dischargeable. *The attorneys fees and costs incurred by Violet Corrozzo for her representation by Illinois attorney Leon Jumes in this matter are agreed to be $4,063.94 as of June 2, 2003.*

5. It is agreed that the attorneys fees and costs incurred by Violet Corrozzo for her representation in as a creditor in the case at bar, Bankruptcy Case No. 302-15314-07-GP, are in the nature of support as defined by 11 U.S.C. § 523(a)(5) and are not dischargeable. *The attorneys fees and costs incurred by Violet Corrozzo for her representation by Roberts & Associates in this matter are agreed to be $1,490.50 as of June 2, 2003.*
. . . .

7. It is agreed that any costs or attorneys fees relating to any part of this Chapter 13 Bankruptcy case, and the representation of Violet Corrozzo therein, shall be recognized as being in the nature of support as defined by 11 U.S.C. § 523(a)(5) and not dischargeable. *Violet Corrozzo shall not be required to file a post-petition claim pursuant to 11 U.S.C. § 1305, and may treat any additional sums owed to her as a part of the continuing support obligation.*

8. It is agreed that Violet Corrozzo shall not be required to file an adversary proceeding in this matter to determine the non-dischargeability of any of the matters addressed herein. *Debtor Joseph Corrozzo agrees that each such matter is not dischargeable and is collaterally estopped from denying the same henceforth.*

9. It is agreed by the parties that a portion of the annuity payment herein discussed will be paid to the Chapter 13 Trustee as additional funding for debtor Joseph Corrozzo's Chapter 13 plan in the case at bar. This payment shall be in the amount of $786.00, payable on the 10th day of each month by Roberts & Associates, currently acting as power of attorney for distribution of such funds, to the Chapter 13 Trustee in behalf of debtor Joseph Corrozzo. *The*

*remaining amount of such payment will be paid to Violet Corrozzo pursuant to the orders of the Rutherford County Chancery Court and the Tennessee Court of Appeals in fulfillment of those obligations owed to her by Joseph Corrozzo.*

The parties having agreed to the same, as evidenced by their respective signatures below, the Court finds the above agreements to be well-taken, and accordingly,

IT IS SO ORDERED.

(Emphasis added).

The interpretation of a court's order or judgment is a question of law and we are to construe orders and judgments as we do other written instruments. *See Pruitt v. Pruitt*, 293 S.W.3d 537, 544-45 (Tenn. Ct. App. 2008). The determinative factor is the intention of the court, or in this case, the parties, as collected from all parts of the judgment. *Id*. The construction of a judgment should give force and effect to every word of it, if possible, and make all of the parts consistent, effective, and reasonable. *Id*.

Applying the foregoing legal principles to interpret the 2003 bankruptcy order, we have determined that the provisions in the 2003 bankruptcy court order that are dispositive are that Husband is *collaterally estopped from denying* each sum identified as owed by Husband to Wife, that the total *sums owed* by Husband to Wife as of June 2003 totaled $13,904.44, and that Wife is entitled to continue to receive Husband's entire pension payment until all such sums owed, that being $13,904.44, plus interest accruing at the rate of ten (10) percent, have been satisfied by Husband in full.

Therefore, Husband was collaterally estopped to deny in the chancery court proceedings that Wife is entitled to continue receiving the entire pension payment until the sum of $13,904.44, plus interest from June 2003, is satisfied in full.

As for Wife's contention that the 2003 bankruptcy court order entitles her to a never-ending payment of attorney's fees and costs, we have determined that she is only entitled to recover the attorney's fees and costs specified in the bankruptcy order; she is not entitled to recover any other attorney's fees.

Therefore, we vacate the award to Husband of a judgment for overpayment of pensions payments and remand this action for the trial court to determine what sums arising from the 2003 bankruptcy order remain owing, and to direct payment of Husband's share of

the pension payment to Wife until the sums owed of $13,904.44, plus interest from June 2003, is satisfied in full. Of course, Husband shall be entitled to a credit of $5,528.24 for the overpayment of the 2001 chancery court judgment.

IV.
HUSBAND'S ISSUES ON APPEAL

A. Sanctions Under Tennessee Rule of Civil Procedure 11

Husband contends that the trial court erred in deciding to set aside the Tennessee Rule of Civil Procedure 11 sanctions against Wife.

In Husband's motion for sanctions pursuant to Tennessee Rule of Civil Procedure 11.03, Husband asserted that the Amended Petition for contempt was filed for an improper purpose and to harass Husband in violation of Rule 11.02(1), that the Amended Petition for contempt filed by Wife was not warranted by existing law and was frivolous in violation of Rule 11.02(2), and that the Amended Petition for contempt contained allegations and other factual contentions that were not supported by the evidence one could expect to obtain in violation of Rule 11.02(3). The trial court initially awarded sanctions against Wife only, but when Husband asked the court to reconsider that decision and award sanctions only against Wife's attorney, the trial court set aside the sanctions entirely.

In that we have determined that Wife has a valid claim regarding the unpaid attorney's fees and costs identified in the 2003 bankruptcy order, there is no basis for sanctions to be imposed pursuant to Rule 11.02 against Wife or her attorney. Accordingly, we affirm the trial court's decision to set aside the Rule 11.02 sanctions.

B. Frivolous Appeal

Husband seeks to recover damages for a frivolous appeal pursuant to Tennessee Code Annotated § 27-1-122, which provides:

> When it appears to any reviewing court that the appeal from any court of record was frivolous or taken solely for delay, the court may, either upon motion of a party or of its own motion, award just damages against the appellant, which may include, but need not be limited to, costs, interest on the judgment, and expenses incurred by the appellee as a result of the appeal.

A frivolous appeal is one that is devoid of merit or has no reasonable chance of succeeding. *See Combustion Eng'g, Inc. v. Kennedy*, 562 S.W.2d 202, 205 (Tenn. 1978);

*Davis v. Gulf Ins. Group*, 546 S.W.2d 583, 586 (Tenn. 1977); *Jackson v. Aldridge*, 6 S.W.3d 501, 504 (Tenn. Ct. App. 1999); *Industrial Dev. Bd. v. Hancock*, 901 S.W.2d 382, 385 (Tenn. Ct. App. 1995). Determining whether to award damages based on a frivolous appeal is a discretionary decision. *See Banks v. St. Francis Hosp.*, 697 S.W.2d 340, 343 (Tenn. 1985).

Because we have ruled in favor of Wife on a substantial issue in this appeal, there is no basis to award such damages in this appeal; therefore, Husband's request is denied

### IN CONCLUSION

The judgment of the trial court is affirmed in part, vacated in part, and remanded for further proceedings consistent with this opinion. Costs of appeal are assessed against each party equally.

_____
FRANK G. CLEMENT, JR., JUDGE

-12-