# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE

**FILED**

**July 14, 1999**

**Cecil Crowson, Jr.
Appellate Court Clerk**

JINNY MYRA JACKSON,      )
     )
    Plaintiff/Appellee,      )      Montgomery Chancery
     )      No. 97-02-0022
VS.      )
     )      Appeal No.
GARI SHELDON ALDRIDGE,      )      01A01-9809-CH-00488
     )
    Defendant/Appellant.      )

## APPEAL FROM THE CHANCERY COURT FOR MONTGOMERY COUNTY AT CLARKSVILLE, TENNESSEE

## THE HONORABLE CAROL CATALANO, JUDGE

For Plaintiff/Appellee:

Markley Runyon Gill
Runyon & Runyon
Erin, Tennessee

For Defendant/Appellant:

Gari Sheldon Aldridge
Pro Se

## AFFIRMED AND REMANDED

WILLIAM C. KOCH, JR., JUDGE

# O P I N I O N

This appeal involves the annulment of a four-year marriage. After the wife obtained the annulment judgment in the Chancery Court for Montgomery County, the husband moved to set aside the judgment on the ground that he had not been properly served. The trial court denied the motion, and the husband has appealed. We affirm the judgment because the husband has failed to produce sufficient proof to overcome the presumption that he was properly served.

## I.

Jinny Myra Jackson and Gari Sheldon Aldridge were married on May 28, 1993. In July of 1997, Ms. Jackson filed for an annulment on the ground that Mr. Aldridge was already married when she and Mr. Aldridge wed. Mr. Aldridge was apparently served with process through the Davidson County Sheriff's Department.[1] Mr. Aldridge did not respond to Ms. Jackson's complaint, and so, on September 19, 1997, the trial court granted a default judgment, annulling the marriage.

On October 14, 1997, Mr. Aldridge moved to set aside the default judgment on the ground that he had not been served with process. He supported the motion with his own affidavit denying that he had ever been served. On October 20, 1997, the trial court entered a final decree of annulment finding that Mr. Aldridge was already married to another woman when he married Ms. Jackson and that he had induced Ms. Jackson to marry him through fraud and misrepresentation.

---

[1]This appeal is before the court on the technical record alone because neither Mr. Aldridge nor the lawyer who represented him in the trial court took the steps required by Tenn. R. App. P. 24(b) or 24(c) to prepare and file either a transcript or a statement of the evidence. The technical record does not contain a copy of the process served on Mr. Aldridge because the trial court clerk omitted it pursuant to Tenn. R. App. P. 24(a) when neither party requested that it be included in the record. Mr. Aldridge has appended a transcript of the July 20, 1998 hearing in the trial court and a copy of the summons to his brief. We cannot consider this factual information because it is not part of the appellate record. See Tenn. R. App. P. 13(c). This court would have been better-served had counsel for Ms. Jackson, upon learning that Mr. Aldridge was undertaking to represent himself, taken timely steps to assure that the appellate record, in the words of Tenn. R. App. P. 24(a), contained a "fair, accurate and complete account of what transpired with respect to those issues that are the bases of the appeal."

Thereafter, in March 1998, Ms. Jackson moved for Tenn. R. Civ. P. 11 sanctions for Mr. Aldridge's motion to set aside the order of annulment. The trial court apparently conducted a hearing on these matters on July 20, 1998.[2] Approximately one month later, on August 14, 1998, the trial court dismissed Mr. Aldridge's motion to set aside the final decree of annulment. Mr. Aldridge now appeals, claiming that the trial court erred by failing to set aside the decree of annulment because he had not been properly served with process.

## II.

Mr. Aldridge's sole argument on appeal is that the trial court erred by dismissing his motion to set aside the decree of annulment because he was not properly served with process. He asserts that the presumptive validity of the officer's return on the summons is undermined because the officer who served the process did not recognize him at trial and because he now has independent evidence that the officer did not properly serve the process.

An officer's return is prima facie evidence of proper service of process, and the oath of an interested party is legally insufficient to overcome the return. *See Royal Clothing Co. v. Holloway*, 208 Tenn. 572, 574-75, 347 S.W.2d 491, 492 (1961); *Brake v. Kelly*, 189 Tenn. 612, 620, 226 S.W.2d 1008, 1011 (1950); *Cullum & Maxey Camping Ctr., Inc. v. Adams*, 640 S.W.2d 22, 24 (Tenn. Ct. App. 1982). This rule is based upon a presumption that public officials perform their duties in the manner prescribed by law. *See Wartrace v. Wartrace & Beech Grove Turnpike Co.*, 42 Tenn. (2 Cold.) 515, 519 (1865); *Third Nat. Bank of Nashville v. Estes*, 1986 WL 3155 at *5 (Tenn. Ct. App. 1986).

Since we do not have a transcript of the July 20, 1998 hearing, the appellate record does not support Mr. Aldridge's assertion that the officer who served the process did not recognize him at the hearing. Even if this assertion were supported by the record, it does not undermine the validity of the officer's return prepared contemporaneously with the service of the summons and complaint. In light of the

---

[2]The transcript of this hearing, although appended to Mr. Aldridge's brief, has not been properly included in the appellate record.

number of persons an officer serves in a month's time, it is not surprising that the officer would fail to recognize a person he or she served with process twelve months earlier.

Mr. Aldridge also relies on an affidavit prepared by Ilona Rivera as independent proof that the officer did not properly serve him. Like the transcript of the July 20, 1998 hearing, this affidavit was never properly made part of the record, either at trial or on appeal. In fact, the copy appended to Mr. Aldridge's brief shows that it was executed approximately two weeks after the July 20, 1998 hearing and that it was never filed with the trial court. Accordingly, this affidavit is not part of the appellate record and can provide no assistance to Mr. Aldridge on this appeal.[3]

## III.

Ms. Jackson contends that this court should award her damages because the appeal is frivolous. Successful parties should not have to bear the cost and vexation of baseless appeals. *See Davis v. Gulf Ins. Group*, 546 S.W.2d 583, 586 (Tenn. 1977); *McDonald v. Onoh*, 772 S.W.2d 913, 914 (Tenn. Ct. App. 1989). Accordingly, Tenn. Code Ann. § 27-1-122 (1980) empowers appellate courts to award damages against parties whose appeals are frivolous, or brought solely for delay. These damages may include, but are not limited to, costs and expenses incurred by the appellee as a result of the appeal. *See Wells v. Sentry Ins. Co.*, 834 S.W.2d 935, 938 (Tenn. 1992).

An appeal with no reasonable chance of success is frivolous. *See Davis v. Gulf Ins. Group*, 546 S.W.2d at 586; *Industrial Dev. Bd. of Tullahoma v. Hancock*, 901 S.W.2d 382, 385 (Tenn. Ct. App. 1995). Failure to cite any evidence or rule of law entitling the appealing party to relief is one indicator that the appeal may be frivolous. *See Wells v. Sentry Ins. Co.*, 834 S.W.2d at 938-39.

---

[3]Even if we were to consider the substance of Ms. Rivera's affidavit, it would avail Mr. Aldridge very little. Ms. Rivera states that she worked with Mr. Aldridge and that "on or about July 9, 1997," an "African American uniformed officer" came to their office to speak with Mr. Aldridge and that he left her "several folded pieces of paper." She states that she left the paper in Mr. Aldridge's mail and did not mention anything else to Mr. Aldridge until July 20, 1998. These generalized, non-specific statements that do not identify the papers involved or even the precise date are insufficient to rebut the officer's return.

Mr. Aldridge appeals pro se,[4] and so we have allowed him considerable latitude on citation to authority and on the form of his papers. Nevertheless, even if we consider the clearly incompetent matters relied on by Mr. Aldridge, the appeal has no substance and has no reasonable chance of success. Therefore, we conclude that this appeal is frivolous and award Ms. Jackson damages to be determined by the trial court on remand.

## IV.

The order denying Mr. Aldridge's motion to set aside the decree of annulment is affirmed, and the case is remanded to the trial court for further proceedings, including the calculation of Ms. Jackson's damages for Mr. Aldridge's frivolous appeal. We tax the costs of this appeal to Mr. Aldridge and his surety for which execution, if necessary, may issue.

_____
WILLIAM C. KOCH, JR., JUDGE


CONCUR:


_____
BEN H. CANTRELL,
PRESIDING JUDGE, M.S.


_____
WILLIAM B. CAIN, JUDGE


_____

[4]Mr. Aldridge was represented by counsel in the trial court. There is nothing in the technical record to suggest that the trial court has permitted counsel to withdraw.