IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Submitted on Briefs, June 29, 2006

## NANCY LEE BARLOW LONG v. BOBBY RAY LONG

**Direct Appeal from the Eighth Circuit Court for Davidson County
No. C93D03421 Hon. Carol Soloman, Circuit Judge**

**No. M2004-01697-COA-R3-CV - Filed on July 25, 2006**

In this post-divorce action, the Trial Court entered Judgment against the defendant for previously awarded obligations, and held him in contempt. On appeal, we affirm.

**Tenn. R. App. P.3 Appeal as of Right; Judgment of the Circuit Court Affirmed.**

HERSCHEL PICKENS FRANKS, P.J., delivered the opinion of the court, in which D. MICHAEL SWINEY, J., and SHARON G. LEE, J., joined.

Clark Lee Shaw, Nashville, Tennessee, for Appellant.

Robert Todd Jackson, Brentwood, Tennessee, for Appellee.

**OPINION**

The parties in this action are Nancy Long ("wife") and Bobby Long ("husband"), who were divorced by Final Order entered on December 22, 1994. In the Final Order, the husband was ordered to pay $200.00 per week in child support, and $200.00 per week alimony, to terminate after nine years, or upon the death or remarriage of the wife. The husband was ordered to pay the wife $8,772.01 in medical expenses, and various other sums. Over years, the parties were back in court and various orders were entered, which are in this record.

In April of 2004, the wife filed a Petition for Contempt and for Ex Parte Restraining Order, seeking to recover for prior amounts ordered to be paid by the husband, including the $8,772.01 in medical expenses, which the wife averred had never been paid. The wife asked that

the husband be found in civil and criminal contempt, and also asked that a restraining order be entered prohibiting the husband from withdrawing his retirement funds.

A hearing was held on June 29, 2004, and the Court found that the husband owed the wife a total of $27,133.61 in previously ordered payments plus interest, and that he had the ability to pay and was in willful contempt of the Court's orders. The Court ruled the husband be incarcerated for six months or until the amount was paid in full. The husband was then allowed the opportunity to present additional evidence that he had paid any of the amounts by bringing the same to a review hearing on July 13, 2004. The wife was also awarded attorney's fees.

A second Order was entered on July 22, 2004, which states that a hearing was held on July 13, 2004 and that the husband had no additional evidence at that time. The Court noted that the husband had attempted to improperly influence the Court by asking a judge to speak to the Court ex parte on the husband's behalf. The Court stated, "Mr. Long's unethical attempt to influence the Court was obviously unsuccessful. Such improper behavior on the part of Mr. Long impugns the honesty of the Court." The Court thus entered a judgment against husband for $27,133.61, found the husband to be in willful contempt, and ordered him to be imprisoned until he purged the contempt. The Court further ordered that if the husband failed to pay the judgment, a QDRO would be entered awarding the wife that amount from the husband's retirement. The wife's attorney was awarded a judgment for fees in the amount of $6,300.00. The husband has appealed and these issues are raised:

1.  Whether the trial court erred in finding husband in civil contempt for failure to pay child support?

2.  Whether the trial court erred in failing to account for all funds paid and all funds required to be paid pursuant to previous orders?

3.  Whether the trial judge erred in failing to recuse herself *sua sponte*?

4.  Whether the trial court erred in awarding wife attorney's fees?

5.  Whether husband is entitled to attorney's fees on appeal?

6.  Whether husband's appeal is frivolous and entitles wife to her attorney's fees on appeal?

We observe at the outset that the husband did not file a transcript of the evidence, but the Trial Court approved the wife's Proposed Narrative Statement of the Evidence. The husband, in his brief, does not countenance the narrative transcript, and makes no reference to the record in his statement of facts. *See*, Tenn. R. App. P. 27(6).

The husband asserts that it was error for the Trial Court to find him in civil contempt

when he did not have proper notice of whether he was being tried for civil or criminal contempt. He asserts that the choice of whether to proceed with criminal or civil contempt must be made prior to trial, and cites cases from this Court. While the husband's interpretation of these cases is questionable at best[1], whether husband's assertion in this regard is correct or not, he cannot demonstrate that what he complains about was not done by the Trial Court. If there was a deficiency in the Trial Court regarding the notice provided to the husband, he should have brought that to the attention of the Trial Court, and since the record does not establish this contention, we cannot entertain the husband's claims concerning any procedural defects. Tenn. R. App. P. 36; *see also Devorak v. Patterson*, 907 S.W.2d 815, 818 (Tenn. Ct. App.1995). Moreover, the husband was not found guilty of criminal contempt, even though it was alleged in the wife's petition. This issue is without merit.

The husband asserts that the Trial Court erred in finding that he owed money to the wife, when the wife testified that she had not been paid what she was owed, and "both side [sic] complete lack of substantial documentary evidence.", and the husband asked that the case be remanded for hearing by a special master, so that the parties could present evidence regarding the payments made.

The record establishes that the amounts the wife was awarded was based on prior court orders. The husband was given the opportunity both the day of the hearing and then again the day of the review hearing to present any evidence he had to show that he had made the alleged payments, and he failed to do so. The husband has been given ample opportunity to show the Court that he had paid what he owed. There is no basis to remand for further hearings.

The husband asserts that the Trial Judge should have recused herself *sua sponte* because "it appears that the Trial Judge was angry with the appellant because one of her peers had allegedly attempted to inappropriately communicate with the Trial Judge about the case, supposedly at the request of the appellant." The husband concedes that he did not ask for a recusal, but states that the Judge should have removed herself due to a personal prejudice against him, which he asserts influenced the outcome of the case.

The Trial Court noted in its second order (after the review hearing) that the husband attempted to have another judge speak to the Court on his behalf, and that such behavior was inappropriate. However, there is no indication that this created a personal bias or prejudice against the husband. In fact, the Trial Court had already determined the amounts that were due and owing to the wife based on the proof and record, and found the husband in contempt for willfully failing to pay the same, but allowed the husband additional time and a second hearing to determine if he had any additional proof to establish that he had paid what he claimed. After the husband failed to do this, the Court simply entered the order that it had previously rendered on these issues. There is no

_____

[1] These cases actually deal with defendants being found guilty of criminal contempt when they did not have the procedural safeguards at trial to protect their constitutional rights. Such was clearly not the case here, as husband was not found guilty of criminal contempt.

indication that anything that occurred during the time between the two hearings affected the outcome of the case. We find this issue, likewise, to be without merit.

The husband admits in his Brief that Tenn. Code Ann. §36-5-103(c) provides for an award of attorney's fees incurred in enforcing any decree for alimony and/or child support, within the discretion of the Trial Court. He asserts, however, that the award was improper in this case, because the wife would not have prevailed on the monetary issues "but for the Trial Court's misapplication of the law". Having found no such misapplication, it necessarily follows that this issue is also without merit. The Trial Court, in its discretion, awarded reasonable fees, and we find no abuse.

Next, the husband asserts that he is entitled to his attorney's fees incurred on appeal, "should he be successful". Having found all of the husband's issues to be without merit, this issue must also fail. The wife counters that she should be awarded her fees on appeal as sanctions for husband's filing a frivolous appeal. Tenn. Code Ann. §27-1-122 provides for such sanctions when an appeal is "frivolous" or "taken solely for delay". A frivolous appeal has been discussed by this Court in the case of *Whalum v. Marshall*, 2006 WL 1236793 (Tenn. Ct. App. May 9, 2006), wherein it was stated:

> "Successful litigants should not have to bear the expense and vexation of groundless appeals." *Davis v. Gulf Ins. Group*, 546 S.W.2d 583, 586 (Tenn. 1977). An appeal is frivolous when it has "no reasonable chance of success," *Jackson v. Aldridge*, 6 S.W.3d 501, 504 (Tenn. Ct. App.1999), or is "so utterly devoid of merit as to justify the imposition of a penalty," *Combustion Eng'g, Inc. v. Kennedy*, 562 S.W.2d 202, 205 (Tenn. 1978). We exercise our discretion under the statute sparingly so as not to discourage legitimate appeals. See *Davis*, 546 S.W.2d at 586. However, failure to even cite to or argue for a justifiable extension of the law controlling the resolution of a given case is an indication that an appeal may be frivolous. *Jackson,* 6 S.W.3d at 504 (citing *Wells v. Sentry Ins. Co.*, 834 S.W.2d 935, 938-39 (Tenn. 1992)).

In this case, the husband's failure to provide a transcript of evidence supporting his evidentiary contentions, and his failure to appropriately cite to authority for his arguments, indicates that this appeal was taken solely for delay. We have found the husband's issues to be without merit, and he has cited us no basis on which his appeal had a reasonable chance of success. Accordingly, upon remand, the wife will be awarded her fees pursuant to Tenn. Code Ann. §27-1-122.

We affirm the Judgment of the Trial Court and remand, with the cost of the appeal assessed to Bobby Ray Long.

_____

_____
HERSCHEL PICKENS FRANKS, P.J.