IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
February 11, 2008 Session

## S.L.C., b/n/f E.C. and M.C. and A.J.C. , b/n/f L.A.S., v. ALDEN JOE DANIEL, JR.

Direct Appeal from the Circuit Court for Bradley County
Nos. V-01-267/V-01-301      Hon. Lawrence Puckett, Circuit Judge

Filed March 20, 2008

No. E2006-01413-COA-R3-CV

Plaintiffs were granted a voluntary dismissal of their action, and defendant has appealed on the grounds that the Trial Court and attorneys were guilty of fraudulent conduct, and that he had a counter-claim pending at the time the action was dismissed. We affirm the Judgment of the Trial Court.

**Tenn. R. App. P.3 Appeal as of Right; Judgment of the Circuit Court Affirmed.**

HERSCHEL PICKENS FRANKS, P.J., delivered the opinion of the Court, in which D. MICHAEL SWINEY, J., and SHARON G. LEE, J., joined.

Alden Joe Daniel, Jr., *pro se.*

Roger E. Jenne, Cleveland, Tennessee, for appellees.

**OPINION**

Plaintiffs, S.C. and A.C., filed an action in 2001 against defendant Alden Joe Daniel and the Amateur Athletic Union of the United States, Inc., seeking damages for defendant's act of raping the two minor plaintiffs, who were players on defendant's basketball team. Defendant pled guilty to and is serving a prison sentence for the crimes of rape, statutory rape, and sexual battery by an authority figure.

Defendant appeared *pro se* before the Trial Court, as he does in this appeal. The AAU

was granted summary judgment, and plaintiff then moved for a voluntary dismissal of the remaining claims, which was granted. Defendant has appealed and raises the issues of whether the Trial Court/attorneys acted fraudulently, and whether the Court erred in dismissing this case without regard to Daniel's counterclaim? Appellees raise the issue of frivolous appeal.

Defendant's brief, while difficult to follow, seems to make various allegations of fraud by the Trial Court and attorneys, based on documents that he alleged the Court refused to accept by mail (which he then had filed by relatives), failure to act on discovery requests, etc. There is nothing in this record or the surplus of materials attached to defendant's brief, however, to support his allegations. Fraud has been defined as "[w]hen a party intentionally misrepresents a material fact or produces a false impression in order to mislead another or to obtain an undue advantage over him . . .. The representation must have been made with knowledge of its falsity and with a fraudulent intent. The representation must have been to an existing fact which is material and the plaintiff must have reasonably relied upon that misrepresentation to his injury." *Brown v. Birman Managed Care, Inc.*, 42 S.W.3d 62, 66-67 (Tenn. 2001).

There is nothing in this record to indicate that any type of fraud was perpetrated upon the defendant.

Next, defendant asserts that it was error for the Trial Court to dismiss the case, because he asserts that he had filed a counterclaim that was not disposed of when the voluntary dismissal was taken by plaintiffs. Defendant refers to his "Motion for Counterclaim Maturing under Rule 13.05" that was filed in October 2003. The document states that defendant was "renewing" all of his motions to date, including motions seeking to compel discovery, and he then states that these discovery materials will "show a counterclaim". A review of the record, however, demonstrates that no counterclaim was ever filed.

Tenn. R. Civ. P. 13.05 states "[a] claim which either matured or was acquired by the pleader after serving the pleading may, with the permission of the court, be presented as a counterclaim by supplemental pleading." Defendant never filed any supplemental pleading, and the Motion itself does not set forth a counterclaim. As plaintiffs point out, *pro se* litigants, while granted a certain amount of latitude by the courts, are still not excused from complying with the courts' substantive and procedural rules that represented parties are expected to observe. *Hessmer v. Hessmer*, 138 S.W.3d 901 (Tenn. Ct. App. 2003). Accordingly, we cannot convert defendant's motion seeking to possibly file a counterclaim into a valid and properly-pled counterclaim, simply because he is *pro se.* This issue is without merit.

Plaintiffs argue that this appeal is frivolous, and that sanctions should be assessed pursuant to Tenn. Code Ann. §27-1-122. Tenn. Code Ann. §27-1-122.

As this Court has previously stated:

"Successful litigants should not have to bear the expense and vexation of groundless

appeals." *Davis v. Gulf Ins. Group*, 546 S.W.2d 583, 586 (Tenn. 1977). An appeal is frivolous when it has "no reasonable chance of success," *Jackson v. Aldridge*, 6 S.W.3d 501, 504 (Tenn. Ct. App.1999), or is "so utterly devoid of merit as to justify the imposition of a penalty," *Combustion Eng'g, Inc. v. Kennedy*, 562 S.W.2d 202, 205 (Tenn. 1978). We exercise our discretion under the statute sparingly so as not to discourage legitimate appeals. See Davis, 546 S.W.2d at 586. However, failure to even cite to or argue for a justifiable extension of the law controlling the resolution of a given case is an indication that an appeal may be frivolous. *Jackson*, 6 S.W.3d at 504 (citing *Wells v. Sentry Ins. Co.*, 834 S.W.2d 935, 938-39 (Tenn. 1992)).

*Whalum v. Marshall*, 224 S.W.3d 169, 181 (Tenn. Ct. App. 2006).

Defendant's appeal is groundless and devoid of merit, and in our discretion we find the appeal was frivolous and remand to assess appropriate damages against the defendant as set forth in Tenn. Code Ann. § 27-1-122. The cost of the appeal is assessed to defendant.

_____
HERSCHEL PICKENS FRANKS, P.J.