IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs, July 23, 2008

# LISA DAWN HAINES HUDDLESTON v. LEE ALAN HAINES

**Direct Appeal from the Circuit Court for Blount County**
**No. E-18839     Hon. Jon Kerry Blackwood, Sr. Judge**

---

**No. E2008-00232-COA-R3-CV - FILED SEPTEMBER 30, 2008**

---

In this custody dispute between parents, the Trial Judge awarded the mother attorney's fees against the father.  On appeal, we affirm.


**Tenn. R. App. P.3 Appeal as of Right; Judgment of the Circuit Court Affirmed.**


HERSCHEL PICKENS FRANKS, P.J., delivered the opinion of the Court, in which CHARLES D. SUSANO, JR., J., and D. MICHAEL SWINEY, J., joined.


James H. Snyder, Jr., Alcoa, Tennessee, for appellant.

Geri D. Spindel, Knoxville, Tennessee, for appellee.


**OPINION**


**Background**

        Plaintiff, Lisa Haines Huddleston ("mother"), filed an Emergency Motion on March 13, 2007, asking the Court to grant her custody of her child, Abigayle Leigh Haines, and also to grant her pendente lite custody of Jessica Dawn Haines pending a re-trial pursuant to a ruling from this Court.  The mother alleged that the father was granted custody of the two children in August 2005 by Judge Young of the Blount County Circuit Court, but this Court on appeal vacated Judge Young's decision, and ordered that a new trial be conducted before a different judge.  The mother alleged that on February 11, 2007, the father returned the eldest child to her, stating that he thought it was in her

best interest to live with the mother. The mother alleged that the youngest child should also be returned to her, in order that the children could be together, as it was in their best interests.

The father filed a Motion asking the Court to allow Jessica to testify, stating that her birthdate was October 30, 1995, and he also filed a Motion asking the Court to set an amount of child support arrearage, alleging that the mother had only sporadically paid support, and that the total was about $2,000.00.

The parties then filed an agreed Parenting Plan, designating that the mother would have Abigayle 100% of the time. The parties also entered an agreed Parenting Plan designating the father as primary residential custodian for Jessica, and giving the mother 85 days of visitation per year.

A hearing was held on August 15, 2007, before Senior Judge Blackwood, who entered an Order, finding that the father was obligated to pay child support at a rate of 32%, and that he had an arrearage of $11,108.68. The Court found that on November 21, 2005, the mother was obligated to pay child support of $10.50 per hour, per forty hour week, and that she had paid approximately $2,000.00 during "this period" and was in arrearage. The Court found the mother had only worked sporadically since November 2005, and that she had voluntarily chosen to stay home with her child instead, and that she was capable of earning $10.50 per hour. Further, the Court found the mother should have a credit for home care of $400.00 per month, and that the father should have a credit of $300.00, as well as an insurance credit. The Court then found the father's child support should be based on his 2006 W-2, which showed an income of $64,193.21, and ordered the parties to calculate their arrearages, and then to credit one against the other, and that if there was any balance due, it should be paid at the rate of $500.00 per month. The Court also ordered the parties to calculate future support based on these findings, and to submit an appropriate order to the Court for approval.

The mother filed an Emergency Motion, asserting the father was in contempt for refusing to abide by the custody agreement they had made, that he was harassing and threatening the mother, that he was making accusations against her, her counsel, and the judge. Another hearing was held on January 2, 2008, and the mother was ordered to submit the children for paternity testing. The Court also found the father was to pay mother $721.00 per month in child support, and that he should add $50.00 per month to go toward his arrearage. The Court found the father had an arrearage of $11,108.68, and that the mother had an arrearage of $3,473.00. The Court also entered a new Parenting Plan with regard to Jessica, giving custody to mother 100% of the time.

The Court also entered an Order finding that the parties had announced to the Court prior to the hearing that they had settled all issues, except for the issue of attorney's fees. The Court found that an award of $2,500.00 to plaintiff for attorney's fees was reasonable, as well as warranted pursuant to Tenn. Code Ann. §36-5-103(c), as litigation was necessary to resolve these issues. The father filed a Notice of Appeal.

## Issues Presented

1. Whether attorney fees can or should be awarded in this case where the contempt action was dismissed and no proof was presented to support such a finding?

2. Whether the father should be ordered to pay the mother's attorney fees incurred for this appeal, since it is baseless?

## Discussion

The father's short and succinct argument is that he should not have been ordered to pay attorney fees for being in contempt of court when there was no finding of contempt. The record demonstrates this argument is a non sequitur. The father was not ordered to pay attorney fees due to his contempt, he was ordered to pay attorney fees pursuant to Tenn. Code Ann. §36-5-103(c), which states:

> The plaintiff spouse may recover from the defendant spouse, and the spouse or other person to whom the custody of the child, or children, is awarded may recover from the other spouse reasonable attorney fees incurred in enforcing any decree for alimony and/or child support, or in regard to any suit or action concerning the adjudication of the custody or the change of custody of any child, or children, of the parties, both upon the original divorce hearing and at any subsequent hearing, which fees may be fixed and allowed by the court, before whom such action or proceeding is pending, in the discretion of such court.

An award of fees under this statute is reviewed under an abuse of discretion standard. *Moore v. Moore*, 2007 WL 2456694 (Tenn. Ct. App. Aug. 29, 2007).

The Trial Court awarded reasonable attorney fees to mother, based on the litigation filed by the mother concerning custody of the minor children, and the litigation was necessary to resolve the issue, as custody of both children was ultimately changed from the father to the mother. The father failed to show that the Trial Court abused its discretion in making this award of fees pursuant to Tenn. Code Ann. §36-5-103(c). *See Marlow v. Parkinson*, 236 S.W.3d 744 (Tenn. Ct. App. 2007). This issue is without merit.

The mother argues that she should be given an award of attorney's fees incurred in defending this appeal, which she asserts is frivolous, pursuant to Tenn. Code Ann. §27-1-122. We have previously held that "successful parties should not have to bear the cost and vexation of baseless appeals." *Jackson v. Aldridge*, 6 S.W.3d 501 (Tenn. Ct. App. 1999).

In this case, we find it appropriate to award attorney's fees pursuant to Tenn. Code Ann. §27-1-122, as the issue presented on appeal by the father was baseless. Tenn. Code Ann. §36-

5-103(c) establishes that the trial court has discretion to award fees seeking an adjudication of custody, and this is what the Trial Court did in this case. The Trial Court's Order demonstrates the Court was not awarding fees based on any alleged contempt, as represented by the father. Upon remand, the Trial Judge is directed to set reasonable fees incurred by the mother on this appeal.

The Judgment of the Trial Court is affirmed and the cost of the appeal is assessed to Lee Alan Haines.

_____
HERSCHEL PICKENS FRANKS, P.J.