IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs August 3, 2020

## IN RE: PAISLEY H. ET AL.

**Appeal from the Juvenile Court for Meigs County**
**No. 2018-JC-10      Casey Stokes, Judge**

_____

### No. E2020-00174-COA-R3-JV

_____

Father appeals the trial court's decision to allow grandparent visitation. We vacate and remand the trial court's order because the trial court failed to make sufficient findings of fact for us to review its decision regarding its subject matter jurisdiction.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Juvenile Court Vacated and Remanded**

J. STEVEN STAFFORD, P.J., W.S., delivered the opinion of the court, in which FRANK G. CLEMENT, JR., P.J., M.S., and THOMAS R. FRIERSON, II, J., joined.

Andrew Beamer, Knoxville, Tennessee, for the appellant, John H.[1]

D. Mitchell Bryant, Athens, Tennessee, for the appellee, Sharon J.

Herbert H. Slatery, III, Attorney General & Reporter; Andrée Sophia Blumstein, Solicitor General; and Amber L. Seymour, Assistant Attorney General, for the State of Tennessee.

## OPINION

### BACKGROUND

This case involves a petition for grandparent visitation. On June 2, 2017, Deanna J. H. filed a complaint to establish parentage of her two minor children ("the children") in the Domestic Relations Court for Meigs County. The complaint claimed that Appellant John H. ("Father") was the legal and biological father of the children. On June 9, 2017, the children's mother passed away unexpectedly. Thereafter, the domestic relations court entered an order establishing Father's parentage and awarding him sole custody of the

---

[1] In cases involving minor children, it is the policy of this Court to redact the parties' names so as to protect the children's identities.

children on June 21, 2017.

On February 12, 2018, the children's maternal grandmother, Appellee Sharon J. ("Grandmother"), filed a petition in the Juvenile Court for Meigs County ("the trial court")[2] seeking grandparent visitation with the children.[3] The petition alleged that Father and the children resided in Meigs County. In response, Father filed a special and limited entry of appearance and a motion to dismiss on September 28, 2018, claiming Grandmother's petition failed to state a claim upon which relief could be granted and that the trial court lacked jurisdiction to adjudicate grandparent visitation.[4] Specifically, Father alleged that the trial court lacked jurisdiction because neither he nor the children continued to reside in Tennessee.

Grandmother filed a written response to Father's motion to dismiss on June 13, 2019. A hearing on the petition for grandparent visitation was set for December 10, 2019. According to both parties, Father's motion to dismiss was heard on June 19, 2019. According to Father, no testimony from witnesses was presented at the hearing.[5] Both

---

[2] Judge Casey Stokes presided over both the initial petition to establish parentage in the domestic relations court and the subsequent petition for grandparent visitation in the juvenile court.

[3] There is some disagreement over when Grandmother filed her visitation petition. In her appellate brief, Grandmother asserts that she filed early in January 2018 and Father evaded service for several months. The filing date of her petition in the record is February 12, 2018. Furthermore, there is no record of Grandmother serving Father with a summons pursuant to her petition. In her brief, Grandmother asserts he was served on August 30, 2018. Father attached an exhibit regarding service of summons to his brief, but as it is not in the record, we do not consider it. *See* Tenn. R. App. P. 13(c) ("The . . . Court of Appeals, . . . may consider those facts established by the evidence in the trial court and set forth in the record and any additional facts that may be judicially noticed or are considered pursuant to Rule 14 [regarding motions for consideration of post-judgment facts]."); Tenn. Ct. App. R. 6 ("No assertion of fact will be considered on appeal unless the argument contains a reference to the page or pages of the record where evidence of such fact is recorded."); *Carney v. State*, No. M2006-01740-CCA-R3-CO, 2007 WL 3038011, at \*4 (Tenn. Crim. App. Oct. 17, 2007) (stating that "documents attached to an appellate brief but not included in the record on appeal cannot be considered by this court as part of the record on appeal") (internal citation omitted); *Jackson v. Aldridge,* 6 S.W.3d 501, 502 (Tenn. Ct. App. 1999) ("We cannot consider this factual information because it is not part of the appellate record."); *Forrest v. Rees*, No. 01C01-9411-CC-00387, 1996 WL 571765, at \*3 (Tenn. Crim. App. Oct. 8, 1996) (stating that "attachments to briefs are not evidence and will not be considered by the appellate courts"); *Pinney v. Tarpley*, 686 S.W.2d 574, 579 (Tenn. Ct. App. 1984) (stating that "[m]erely attaching a document to a pleading does not place that document in evidence"). As will be noted *infra*, this is an ongoing problem in this case.

[4] Father's motion cites Tennessee Rule of Civil Procedure 12.02(6) regarding his claim that Grandmother's petition failed to state a claim for which relief could be granted. He does not cite Rule 12.02(2), the rule governing motions to dismiss for lack of subject matter jurisdiction. However, we construe motions "based on their substance rather than their title." *Gordon v. Greenview Hosp., Inc.*, 300 S.W.3d 635, 643 (Tenn. 2009).

[5] However, Father also states in his brief that at that hearing, the trial court found it had jurisdiction based on Father's property ownership in Tennessee and the fact that his Tennessee residence was listed on his 2018 federal income taxes. Because no affidavits asserting any of these facts were attached to Father's motion or Grandmother's response and no transcript or order from this hearing is included in the record, it is unclear how this information was presented.

parties state that the motion was denied by the trial court. However, the record on appeal contains no written order to this effect.[6]

A final hearing on the grandparent visitation petition was held on December 18, 2019.[7] At that hearing, the trial court made oral findings granting Grandmother visitation rights. The trial court thereafter entered a written order on February 13, 2020, granting the petition. The order specifically stated that it was resolving both the grandparent visitation petition and Father's motion to dismiss.[8] Father thereafter appealed to this Court.

## ISSUES PRESENTED

Father raises six issues in this appeal. We restate his issues as follows:

1. Whether the trial court lacked subject matter jurisdiction to adjudicate grandparent visitation.
2. Whether Tennessee Code Annotated section 36-6-306(b)(1)(4)[9] is unconstitutional under the Due Process Clause of the United States Constitution and the Tennessee Constitution.
3. Whether the trial court erred in granting grandparent's visitation, or, alternatively, granted excessive visitation.

## DISCUSSION

The threshold issue in this case is whether the trial court had subject matter jurisdiction to adjudicate Grandmother's visitation petition. "Subject matter jurisdiction provides the court with the authority to act, including the authority to modify a custody order." *In re Marquise T.G.*, No. M2011-00809-COA-R3-JV, 2012 WL 1825766, at *4 (Tenn. Ct. App. May 18, 2012) (internal citations omitted). "Challenges to a court's subject matter jurisdiction call into question the court's lawful authority to adjudicate a controversy brought before it, and, therefore, should be viewed as a threshold inquiry." *Redwing v. Catholic Bishop for Diocese of Memphis*, 363 S.W.3d 436, 445 (Tenn. 2012) (internal citations and quotation marks omitted). "Whether a court has subject matter jurisdiction is a question of law for which this court conducts a de novo review, with no presumption of correctness." *Id.* "Where subject matter jurisdiction is

---

[6] Grandmother states that the written order is attached to her brief. It is not. Even if it were attached, we again note that we could not consider it because it is not actually included in the technical record. See footnote 3, *supra*, for a more detailed discussion of the law surrounding this issue.

[7] Grandmother asserts in her brief that the transcript of this hearing is erroneous. However, the record has not been supplemented.

[8] The trial court's order states: "This cause came to be heard on the 18th day of December, 2019, . . . on the Petition to Establish Grandparent's Visitation filed in this cause by Sharon [J.], and upon the Special Limited Appearance and Motion to Dismiss filed by John [H]."

[9] Father refers to Tennessee Code Annotated section "36-6-306(a)(b)(1)(4)" throughout his brief, but it is clear from context that he was in fact referring to section 36-6-306(b)(1)(4).

challenged, the party asserting that subject matter jurisdiction exists . . . has the burden of proof." ***Johnson v. Hopkins***, 432 S.W.3d 840, 844 (Tenn. 2013) (citing ***Chapman v. DaVita, Inc.***, 380 S.W.3d 710, 712 (Tenn. 2012)). In this case, Father clearly challenged the trial court court's subject matter jurisdiction. As such, it was Grandmother's burden to ultimately prove that the trial court could exercise subject matter jurisdiction over her action.

As the Supreme Court has explained, there are different types of challenges to subject matter jurisdiction: facial versus factual. "A facial challenge attacks the complaint itself and asserts that the complaint, considered as a whole, fails to allege facts showing that the court has subject matter jurisdiction to hear the case." ***Church of God in Christ, Inc. v. L. M. Haley Ministries, Inc.***, 531 S.W.3d 146, 160 (Tenn. 2017). In contrast, a factual challenge "do[es] not attack the allegations of the complaint as insufficient. . . . Rather, [it] admits that the alleged facts, if true, would establish subject matter jurisdiction, but it attacks the sufficiency of the evidence to prove the alleged jurisdictional facts." ***Id.*** Here, Grandmother alleged in her petition that Father and the children resided in Tennessee. In contrast, Father's motion to dismiss argued that Tennessee lacked jurisdiction because neither he nor the children resided in Tennessee. Accordingly, this case involves a factual, rather than a facial challenge to subject matter jurisdiction. We therefore turn to consider the various statutes involving subject matter jurisdiction that are implicated in this matter, the facts presented, and the trial court's ruling.

The catalyst for this case is Grandmother's effort to obtain visitation with the children. Tennessee's Grandparent Visitation Statute is a vehicle to provide visitation to grandparents when it has been opposed or severely reduced by the custodial parent and denying it would pose a danger of substantial harm to the children. *See* Tenn. Code Ann. § 36-6-306(a)–(c). Grandparent visitation actions may be filed in "circuit, chancery, general sessions courts with domestic relations jurisdiction, other courts with domestic relations jurisdiction or juvenile court in matters involving children born out of wedlock of the county in which the petitioned child currently resides[.]" Tenn. Code Ann. § 36-6-306(a). For non-marital children like those at issue in this case, the statute provides that the petition may be filed in the juvenile court where the child at issue "currently resides." ***Id.*** There is no dispute as to whether Grandmother filed her petition in the proper court; rather, Father asserts that Meigs County was not where the children resided at the time the petition was filed. Indeed, Father argues that no Tennessee court has subject matter jurisdiction to adjudicate any claim regarding custody of the children at issue.

While section 36-6-306(a) concerns the proper Tennessee court and county in which to file a grandparent visitation petition, the Uniform Child Custody Jurisdiction and Enforcement Act ("UCCJEA"), codified at Tennessee Code Annotated §§ 36-6-201 *et seq.*, is implicated when more than one state is involved in a child custody matter. The UCCJEA, which has been adopted in some form by all fifty states, was implemented to establish uniformity in matters involving custody of children. ***Taylor v. McClintock***, No. M2013-

- 4 -

02293-COA-R3-CV, 2014 WL 3734894, at *6 (Tenn. Ct. App. July 25, 2014) (citing ***Staats v. McKinnon***, 206 S.W.3d 532, 544–45 (Tenn. Ct. App. 2006)). Indeed, although the statute speaks in terms of child custody determinations, it is clear that it is also applicable where only visitation is at issue. *See* Tenn. Code Ann. § 36-6-205 ("'Child custody determination' means a judgment, decree, or other order of a court providing for the legal custody, physical custody, or visitation with respect to a child. [It] includes a permanent, temporary, initial, and modification order."). The statute's intent was "to eliminate situations in which courts of different states simultaneously claim authority and issue contradictory custody orders." ***McClintock***, 2014 WL 3734894, at *6 (citing ***Staats***, 206 S.W.3d at 544). Thus, although this case involves a dispute between a parent and grandparent, because it involves visitation, the UCCJEA is clearly applicable. Jurisdiction under the UCCJEA is determined as of the date of the filing of the first pleading at issue. *See* ***Hernandez v. Hernandez***, No. W2018-01388-COA-R3-CV, 2019 WL 3430534, at *4 (Tenn. Ct. App. July 30, 2019) (internal citations omitted) ("Importantly, an official comment to Tennessee Code Annotated § 36-6-217 clarifies that whether the trial court has subject matter jurisdiction over a custody modification action is determined at the time that the modification proceeding is commenced."). "Whether a court has jurisdiction under the UCCJEA is a question of law, subject to de novo review with no presumption of correctness." ***Busler v. Lee***, No. M2011-01893-COA-R3-CV, 2012 WL 1799027, at *2 (Tenn. Ct. App. May 17, 2012) (internal citation omitted).

The UCCJEA has two different provisions that govern jurisdiction over multi-state custody matters. First, section 36-6-216 explains when a court has jurisdiction over "initial" custody determinations:

(a) Except as otherwise provided in § 36-6-219[10], a court of this state has jurisdiction to make an initial child custody determination only if:

(1) This state is the home state of the child on the date of the commencement of the proceeding, or was the home state of the child within six (6) months before the commencement of the proceeding and the child is absent from this state but a parent or person acting as a parent continue to live in this state;

(2) A court of another state does not have jurisdiction under subdivision (a)(1), or a court of the home state of the child has declined to exercise jurisdiction on the ground that this state is the more appropriate forum under §§ 36-6-221 or 36-6-222, and:

---

[10] Tennessee Code Annotated section 36-6-219 deals with temporary emergency jurisdiction in cases involving child abandonment and abuse, and thus is inapplicable here.

- 5 -

(A) The child and the child's parents, or the child and at least one (1) parent or a person acting as a parent, have a significant connection with this state other than mere physical presence; and

(B) Substantial evidence is available in this state concerning the child's care, protection, training, and personal relationships;

(3) All courts having jurisdiction under subdivision (a)(1) or (a)(2) have declined to exercise jurisdiction on the ground that a court of this state is the more appropriate forum to determine the custody of the child under §§ 36-6-221 or 36-6-222; or

(4) No court of any other state would have jurisdiction under the criteria specified in subdivision (a)(1), (a)(2), or (a)(3).

(b) Subsection (a) is the exclusive jurisdictional basis for making a child-custody determination by a court of this state.

(c) Physical presence of, or personal jurisdiction over, a party or a child is not necessary or sufficient to make a child-custody determination.

A separate section, however, governs jurisdiction when a party seeks to modify an existing custody determination:

(a) Except as otherwise provided in § 36-6-219,[11] a court of this state which has made a child-custody determination consistent with this part has exclusive, continuing jurisdiction over the determination until:

(1) A court of this state determines that neither the child, nor the child and one (1) parent, nor the child and a person acting as a parent have a significant connection with this state and that substantial evidence is no longer available in this state concerning the child's care, protection, training, and personal relationships; or

(2) A court of this state or a court of another state determines that the child, the child's parents, and any person acting as a parent do not presently reside in this state.

(b) A court of this state which has made a child-custody determination and does not have exclusive, continuing jurisdiction under this section may modify that determination only if it has jurisdiction to make an initial determination under § 36-6-216. [omit]

---

[11] *See* footnote 10, *supra*.

Tenn. Code Ann. § 36-6-217. Thus, a trial court has exclusive, continuing jurisdiction to modify its initial custody determination if it finds that the child and its parents or guardians have sufficient connections to, or reside in, Tennessee. Alternatively, a trial court may have jurisdiction to modify a custody determination pursuant to section 36-6-217(c) if it meets the criteria under section 36-6-216 for having jurisdiction to make an initial custody determination.

Father asserts that this case should be decided under section 36-6-216 regarding initial custody decisions. Respectfully, we disagree. As previously discussed, a Tennessee court entered an order on June 21, 2017 establishing Father as the legal parent of the children and granting him sole and exclusive custody. Grandmother seeks to alter this award of exclusive custody with her grandparent visitation petition. As such, subject matter jurisdiction in this case is governed by section 36-6-217.[12] Under this statute, Tennessee may retain its continuing, exclusive subject matter jurisdiction over the custody and visitation of the children unless certain factual circumstances are present that relate to the residence of the children and parents and the contacts between them and this State. Thus, like the jurisdictional requirements of the Grandparent Visitation Statute, a determination of jurisdiction under the UCCJEA requires the determination of the relevant facts.

The parties here dispute the facts relevant under sections 36-6-306 and 36-6-217. Grandmother asserted in her petition that both Father and the children continued to reside in Meigs County, Tennessee at the time that she filed her petition. Father asserted, however, that he and the children had long ago moved to Georgia. Resolution of these facts was therefore necessary to determine whether the juvenile court of Meigs County had jurisdiction under section 36-6-217.

Our review is hampered in this case, however, because there are no findings of any kind by the trial court resolving these disputes. Indeed, although we infer that the trial court denied Father's motion to dismiss because it ultimately granted Grandmother's visitation petition, the record on appeal contains no order specifically adjudicating the motion to dismiss.[13] And while the trial court's final order indicates that it was intended to adjudicate both Grandmother's petition and Father's motion to dismiss, the final order contains no findings, conclusions, or reasoning for the implied denial of Father's motion. Instead, the record on appeal is essentially silent as to the resolution of Father's challenge to subject matter jurisdiction.

---

[12] Once it is determined that Tennessee as a whole has subject matter jurisdiction under the UCCJEA, then the question would become whether the Meigs County juvenile court had subject matter jurisdiction under the Grandparent Visitation Statute. However, if Tennessee lacks jurisdiction under the UCCJEA, the jurisdictional requirements of the Grandparent Visitation Statute are irrelevant.

[13] The parties agree in their briefs that the trial court denied the motion, and Grandmother indicates that an order was in fact entered. Again, however, we cannot consider information that is absent from the record on appeal. *See*, footnote 3, *supra*.

We concede that findings of fact and conclusions of law are not required in resolving motions to dismiss under Rule 12 of the Tennessee Rules of Procedure.[14] They are required, however, in bench trials. *See* Tenn. R. Civ. P. 52.01 ("In all actions tried upon the facts without a jury, the court shall find the facts specially and shall state separately its conclusions of law and direct the entry of the appropriate judgment. . . . Findings of fact and conclusions of law are unnecessary on decisions of motions under Rule[] 12[.]"). *But see **Huggins v. McKee***, No. E2014-00726-COA-R3-CV, 2015 WL 866437, at \*5 (Tenn. Ct. App. Feb. 27, 2015) ("The trial court . . . dismissed [Plaintiff's] claims upon its conclusion that no relief could be granted, rather than any finding as to insufficiency of the facts alleged in the complaint. . . . [I]n the absence of an explanation of the basis for the trial court's determination . . . , we must vacate the trial court's dismissal. . . .") (internal citation omitted) (regarding a trial court granting a Tenn. R. Civ. P. 12.02(6) motion to dismiss).

The Tennessee Supreme Court, however, has expressed a different rule in the limited context of a factual challenge to subject matter jurisdiction. According to our high court,

> [A] factual challenge [to subject matter jurisdiction] admits that the alleged facts, if true, would establish subject matter jurisdiction, but it attacks the sufficiency of the evidence to prove the alleged jurisdictional facts. . . . [C]ourts presented with . . . motions [challenging subject matter jurisdiction] *must* weigh the evidence, resolve any factual disputes, and determine whether subject matter jurisdiction exists.

***Church of God in Christ***, 531 S.W.3d at 160 (internal citations omitted) (emphasis added) (holding that even when raised via a motion to dismiss, the trial court errs in resolving a factual challenge to subject matter jurisdiction by refusing to consider evidence presented on the issue). To perform this function, the court may consider outside documents, such as affidavits, or it "may hold an evidentiary hearing limited to the question of subject matter jurisdiction if necessary to resolve jurisdictional factual disputes." *Id.* In other words, to resolve a factual dispute as to subject matter jurisdiction, the trial court must find the facts. Respectfully, mere silence does not appear to meet this requirement, even in the absence of Rule 52.01's more stringent requirements. And it is the trial court's sole responsibility to find the facts, as this Court is generally not permitted to perform that function. *See id.* at 162 n.12 ("[T]his Court's jurisdiction is appellate only, and this Court cannot itself find facts.") (internal quotations omitted). So regardless of whether the issue of subject matter

---

[14] The Tennessee Rules of Civil Procedure are applicable in juvenile courts when the court is "exercising the civil jurisdiction of the circuit or chancery courts." Tenn. R. Civ. P. 1. As previously discussed, Tennessee Code Annotated section 36-6-306 provides that grandparent visitation cases may be filed in circuit courts, chancery courts, general sessions courts with domestic jurisdiction, or juvenile court. As such, the Tennessee Rules of Civil Procedure are applicable in this case.

jurisdiction is resolved pre-trial or at the final trial, the trial court must resolve the factual disputes at issue in a manner that allows appropriate appellate review.

The dispute in this case is highly factual, as it involves Father's residence at the time the petition was filed and his family's ongoing connection to Tennessee and Meigs County. Indeed, the parties cannot even seem to agree upon what date the petition was filed. Resolution of these disputes was necessary to determine whether Grandmother's request that the trial court exercise subject matter jurisdiction over her petition was proper. The record on appeal, however, contains no specific findings by the trial court resolving these disputes either pre-trial or post-trial. Indeed, the record on appeal is wholly silent as to any adjudication of Father's challenge to the trial court's subject matter jurisdiction. Without factual findings on this issue, however, we cannot properly review the trial court's decision to exercise subject matter jurisdiction over Grandmother's petition. *See Church of God in Christ*, 531 S.W.3d at 160 (noting that "[w]ere the facts disputed, a remand would be necessary, because" the appellate courts cannot find facts); *see also, e.g.*, *Metro. Gov't of Nashville & Davidson Cty., TN v. Brittenum*, No. M2016-02586-COA-R3-CV, 2018 WL 1137102, at *2 (Tenn. Ct. App. Mar. 1, 2018) (vacating and remanding for more findings). We therefore vacate the trial court's implied finding of subject matter jurisdiction to adjudicate Grandmother's grandparent visitation petition and remand for the entry of an order resolving the necessary factual disputes in compliance with the Tennessee Supreme Court's decision in *Church of God in Christ*. The remaining issues, including Father's challenge to the constitutionality of Tennessee Code Annotated section 36-6-306(b)(1)(4)[15] and whether Grandmother should have been granted visitation and, if so, how much, are pretermitted.

## CONCLUSION

The judgment of the Meigs County Juvenile Court is vacated, and this cause remanded for further proceedings consistent with this Opinion. Costs of this appeal are taxed to Appellee Sharon J., for which execution may issue if necessary.

s/ J. Steven Stafford
J. STEVEN STAFFORD, JUDGE

---

[15] Although we do not reach this issue, we note that the State of Tennessee filed a brief in this matter to assert that Father waived his constitutional challenge because he did not raise it in the trial court. After a thorough review of the trial court record, we agree that Father failed to properly raise this argument in the trial court. As such, there is a second basis for declining to address Father's constitutional challenge. *Jackson v. Burrell*, 602 S.W.3d 340, 344 (Tenn. 2020) ("[A] party may not raise an issue on appeal that was not raised in the trial court.") (internal citations omitted).