# IN THE COURT OF APPEALS OF TENNESSEE
# AT NASHVILLE
May 21, 2025 Session

## KATHRYN SUMMERS-O'ROURKE v. PATRICK O'ROURKE, JR.

**Appeal from the Circuit Court for Davidson County**
**No. 23D435  Stanley Kweller, Judge**

_____

### No. M2024-01119-COA-R3-CV

_____

In this post-divorce proceeding, Appellant initiated a contempt action against Appellee for failure to make two alimony payments, as required under the parties' marital dissolution agreement ("MDA").  After Appellee remitted payment, the sole issue to be tried was the amount of attorney's fees Appellant expended enforcing the MDA.  Appellant sought $14,289.50 in attorney's fees and $396.36 in expenses.  The trial court awarded her $2,500.00.  Because the trial court made limited findings and failed to consider Rule 1.5(a) of the Tennessee Rules of Professional Conduct, we vacate its award of attorney's fees. On remand, the trial court is instructed to reconsider Appellant's attorney's fee award in view of the Rule 1.5(a) factors and to make written findings consistent with these factors. Husband's request for appellate attorney's fees is denied.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court**
**Vacated and Remanded**

KENNY ARMSTRONG, J., delivered the opinion of the court, in which CARMA DENNIS MCGEE and VALERIE L. SMITH, JJ., joined.

Martin Sir and Brandes B. Holcomb, Nashville, Tennessee, for the appellant, Kathryn Summers-O'Rourke.

Katie M. Zipper and Megan N. Warren, Franklin, Tennessee, for the appellee, Patrick O'Rourke, Jr.

## OPINION

### I. Background

On June 8, 2023, Appellant Kathryn Summers-O'Rourke ("Wife") and Appellee Patrick O'Rourke, Jr. ("Husband") were divorced by the Circuit Court of Davidson County

("trial court"). The final decree incorporated the parties' Marital Dissolution Agreement ("MDA"). Relevant here, the MDA provides that Husband would pay Wife transitional alimony of $1,500.00 per month, due on or before the first day of each consecutive month for a period of twenty-four (24) months. Additionally, Husband was required to pay Wife alimony *in futuro* of $5.00 per month on the first day of the month. The MDA also contains an enforcement provision, which provides:

> In the event it becomes reasonably necessary for either party to institute or defend legal proceedings relating to the enforcement of any provision of [the MDA], the successful party shall also be entitled to a judgment for reasonable expenses, including attorney's fees, incurred in connection with such proceedings.

In August and September 2023, Husband failed to timely remit transitional and alimony *in futuro* payments. On September 12, 2023, Wife's counsel sent Husband a letter via email regarding Husband's failure to remit payment, which stated that Husband owed the alimony payments and an attorney's fee of $500.00 for the cost of enforcing the MDA. The next day, Husband remitted payment for the alimony and attorney's fees. Husband also averred that he would ensure timely future alimony payments.

On October 1, 2023, Husband again failed to make his alimony payments. On October 4, 2023, Wife's counsel emailed Husband, asking him to remit payment for the alimony and $275.00 for the attorney's fees required to enforce the MDA. Wife's counsel informed Husband that he was required to provide the payments by October 10, 2023, or Wife would initiate contempt proceedings against him. Husband did not immediately remit payment, nor did he respond to the email.

On October 12, 2023, Wife filed a petition for civil contempt ("Petition"), arguing that Husband failed to remit his October alimony payments. Wife asked for attorney's fees incurred in pursuing the contempt action. On October 13 and 14, 2023, Husband made two payments to Wife, totaling $1,500.00, *i.e.,* the transitional alimony payment. Husband did not make the $5.00 alimony *in futuro* payment, nor did he make a payment for Wife's attorney's fees. Wife's counsel made multiple requests that Husband accept service of the Petition via email, but Husband never responded to these requests. On November 2, 2023, Husband was served with the Petition at his home in Colorado.

On December 1, 2023, the trial court heard Wife's motion to set a final hearing on the Petition. Husband did not appear. On December 4, 2023, Husband, now represented by counsel, filed an answer to the Petition. Therein, Husband alleged that "[a]ny previous alleged acts of contempt [had] been purged by [Husband]." At this time, Husband had paid Wife transitional alimony but had failed to make the $5.00 alimony *in futuro* payment. Husband also did not provide payment for Wife's attorney's fees. On January 16, 2024, Husband paid Wife arrears for the October 2023, November 2023, December 2023, and

January 2024 alimony *in futuro* payments. At that time, Husband's counsel indicated that he would ask the trial court to decide the amount of attorney's fees Husband owed.

On January 19, 2024, Husband was served with Wife's Requests for Admission, which included 86 requests. Husband did not respond, and, on February 21, 2024, Wife filed a motion to deem requests for admissions admitted. On March 4, 2024, Husband responded to the motion and filed a counter-motion to quash the requests. On March 6, 2024, Wife filed a reply to Husband's response to the motion and a response to Husband's counter-motion.

Husband failed to make alimony *in futuro* payments for February and March 2024. However, Wife never amended her Petition to include these missed payments as alleged acts of contempt.

On March 8, 2024, the trial court heard Wife's motion to deem requests for admissions admitted and Husband's counter-motion. The day of the hearing, Husband's counsel tendered $10.00 to Wife's counsel to cure Husband's remaining alimony *in futuro* arrears. On the same day, Husband provided Wife a hard copy of his answers to Wife's requests for admissions. The parties agree that, with this payment, Husband remedied all alimony arrearages.

On April 18, 2024, the trial court held a hearing concerning the attorney's fees Wife incurred pursuing the contempt action. The trial court continued the hearing to allow the parties time to brief the issues. On June 27, 2024, the trial court held a final hearing concerning attorney's fees. Wife's attorney filed an attorney's fee affidavit with supporting invoices. In the affidavit, Wife's counsel alleged that, from October 2, 2023, through June 23, 2024, Wife incurred $14,289.50 in attorney's fees and $396.36 in expenses to enforce the MDA. By order of July 1, 2024, the trial court awarded Wife $2,500.00 in attorney's fees and expenses. The trial court made limited findings. Wife filed a timely notice of appeal.

## II. Issues

Wife's sole issue on appeal is whether the trial court abused its discretion when it awarded her only $2,500.00 in attorney's fees. Husband asks for attorney's fees incurred in this appeal.

## III. Discussion

The Tennessee Supreme Court has explained that, when a trial court evaluates the reasonableness of an attorney's fee award, it must consider the factors in Tennessee Supreme Court Rule 8, Rule of Professional Conduct 1.5(a). *Wright ex rel. Wright v. Wright*, 337 S.W.3d 166, 185 (Tenn. 2011). Rule 1.5(a) outlines the following factors a

trial court must consider in determining the reasonableness of a fee:

(1) the time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly;

(2) the likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer;

(3) the fee customarily charged in the locality for similar legal services;

(4) the amount involved and the results obtained;

(5) the time limitations imposed by the client or by the circumstances;

(6) the nature and length of the professional relationship with the client;

(7) the experience, reputation, and ability of the lawyer or lawyers performing the services;

(8) whether the fee is fixed or contingent;

(9) prior advertisements or statements by the lawyer with respect to the fees the lawyer charges; and

(10) whether the fee agreement is in writing.

Tenn. Sup. Ct. R. 8, R.P.C. 1.5(a). The *Wright* Court explained the procedure trial courts should follow when deciding an attorney's fee award, to-wit:

[T]he trial court should develop an evidentiary record, make findings concerning each of the factors, and then determine a reasonable fee that "depend[s] upon the particular circumstances of the individual case." To enable appellate review, trial courts should clearly and thoroughly explain the particular circumstances and factors supporting their determination of a reasonable fee in a given case.

*Wright*, 337 S.W.3d at 185-86 (internal citations omitted).

"This Court has remanded numerous cases for reconsideration when a trial court has not followed this prescribed procedure." *Ellis v. Ellis*, 621 S.W.3d 700, 709 (Tenn. Ct. App. 2019). Here, the trial court did not refer to the Rule 1.5(a) factors in its order, nor did it make relevant findings as to why the $2,500.00 attorney's fee award was reasonable. As such, it is unclear to this reviewing Court how the trial court arrived at $2,500.00. *In re*

***S.S.G***, No. M2015-00055-COA-R3-PT, 2015 WL 7259499, at \*12 (Tenn. Ct. App. Nov. 16, 2015) ("[The Court of Appeals] is a reviewing court."). Because we cannot conduct a meaningful review of the basis of the trial court's decision, we vacate the award of attorney's fees and remand for reconsideration of the question of the amount of Wife's reasonable attorney's fees. On remand, the trial court is not prohibited from re-opening proof on the question. However, the trial court is instructed to consider the Rule 1.5(a) factors and to make written findings consistent with these factors.

Husband asks for an award of appellate attorney's fees based on the MDA and Tennessee Code Annotated section 27-1-122. As to the MDA, it allows for an award of reasonable attorney's fees to the "successful party." Given that we vacate the trial court's final order, Husband is not the "successful party" such that he may recover attorney's fees under the MDA. Concerning section 27-1-122, it provides that, when it appears that an appeal was frivolous or taken solely for delay, this Court may "award just damages against the appellant, which may include . . . costs . . . and expenses incurred by the appellee as a result of the appeal." Tenn. Code Ann. § 27-1-122. "An appeal is frivolous when it has 'no reasonable chance of success,' ***Jackson v. Aldridge***, 6 S.W.3d 501, 504 (Tenn. Ct. App. 1999), or is 'so utterly devoid of merit as to justify the imposition of a penalty.'" ***Whalum v. Marshall***, 224 S.W.3d 169, 181 (Tenn. Ct. App. 2006) (quoting ***Combustion Eng'g, Inc. v. Kennedy***, 562 S.W.2d 202, 205 (Tenn. 1978)). Whether an award of frivolous appeal damages is warranted rests solely in this Court's discretion, ***Chiozza v. Chiozza***, 315 S.W.3d 482, 493 (Tenn. Ct. App. 2009), and we exercise such discretion "sparingly so as not to discourage legitimate appeals." ***Whalum***, 224 S.W.3d at 181. Based on our review of the record and in the exercise of our discretion, we decline to award Husband damages on the basis of frivolous appeal. Accordingly, we deny Husband's request for appellate attorney's fees.

## IV. Conclusion

For the foregoing reasons, we vacate the trial court's order. Husband's request for appellate attorney's fees is denied, and the case is remanded for such further proceedings as are necessary and consistent with this opinion. Costs of the appeal are assessed one-half to the Appellant, Kathryn Summers-O'Rourke, and one-half to the Appellee, Patrick O'Rourke, Jr. Execution for costs may issue if necessary.

_s/ Kenny Armstrong_
KENNY ARMSTRONG, JUDGE
