Dale **REAGAN**, Plaintiff–Appellee,

v.

**TENNESSEE MUNICIPAL LEAGUE**
and City of Gatlinburg,
Defendants–Appellants.

Supreme Court of Tennessee,
at Knoxville.

May 31, 1988.

Pamela L. Reeves, Knoxville, for defendants-appellants.

Charles R. Edwards, Jr., Sevierville, for plaintiff-appellee.

## OPINION

HARBISON, Chief Justice.

In this worker's compensation case, the employer and its insurance carrier appeal from an award to the employee of permanent partial disability to the body as a whole. Appellants insist that the injuries sustained by appellee in an admittedly compensable accident were to a scheduled member only so that the permanent disability rating must be fixed in accordance with the schedules contained in the Workers' Compensation Act.

The record sustains the contention of appellants. The injuries sustained by appellee were confined to his right leg and foot. They were not limited to the foot and, therefore, will support an award for injury to the leg; but there is no evidence of any injury to any other part of the body which would justify an award apportioned to the body as a whole.

There is no dispute as to the material facts. Appellee was 23 years of age on the date of the accident, September 5, 1984. He was employed as a patrolman for the Gatlinburg Police Department and was injured when his vehicle was involved in an accident. He suffered a broken nose and superficial cuts, but the only permanently disabling injury was a very severe fracture to both bones in his right leg, extending into the ankle joint. He sustained a very serious comminuted fracture, the reduction of which required surgery and the insertion of three metal plates, seventeen screws and three metal pins. His attending orthopedic surgeon testified that it was a most complex and difficult fracture to treat because of the many shattered fragments of bone.

The patient did well and made a remarkable recovery. Nonetheless, there is no question that he has a substantial permanent partial disability to the right foot and the right leg. Since the scheduled injury for impairment of a leg exceeds that for impairment of the foot, the schedule for the greater impairment is applicable. *See* T.C.A. § 50–6–207(3)(A)(ii)(n) and (*o*). *See also* T.C.A. § 50–6–207(3)(C) and the interpretation thereof in *Crump v. B & P Construction Co.,* 703 S.W.2d 140, 142–43 (Tenn.1986).

There is no claim of any injury or disability to the back or to any other part of the body. When the injury is to a scheduled member, the disability award is exclusively controlled by the impairment rating established by the General Assembly for that member and may not properly be apportioned to the body as a whole as in the case of unscheduled injuries. *See Wade v. Aetna Casualty & Surety Co.,* 735 S.W.2d 215 (Tenn.1987).

It is argued on behalf of appellee that an award to the body as a whole is authorized because the attending orthopedic specialist gave a disability rating of 50% permanent partial disability to the right foot and ankle. He testified that this rating was based upon guidelines issued by the American Medical Association and the American Academy of Orthopedic Surgeons. He also testified that 50% impairment to the foot

... is equivalent to a 35% impairment of the leg or a 14% impairment to the whole person.

As stated previously, it is clear from the testimony of the physician that the fracture extended to the shin bone outside the foot; and that, therefore, an impairment rating to the leg would be justified.

Although the medical guide referred to by the physician may equate injuries for

purposes of medical ratings, it is obvious from examining the statutory schedules that the equivalent ratings in the medical guides do not coincide with the provisions of the statutory schedules. For example, Dr. Jefferies testified that 50% impairment to the foot is equivalent to 35% impairment of the leg. This may be true medically, but it is not in accordance with the schedule which assigns a value of 125 weeks for loss of a foot and 200 weeks for loss of the leg. Fifty percent impairment of the foot would amount to 62½ weeks in compensation benefits, while 35% of the leg would amount to 70 weeks. The doctor testified that each of the above ratings would equate to 14% permanent impairment to the whole person, but under the provisions of the statute for unscheduled injuries, 14% permanent partial disability to the body as a whole would only amount to 56 weeks (14% of the 400 weeks value assigned to the body as a whole, T.C.A. § 50–6–207(3)(F)).

■ It is true that the General Assembly has provided that medical reports prepared by physicians furnishing medical treatment to claimants shall follow certain approved guides for evaluations of permanent impairment. T.C.A. § 50–6–204(d)(3). In prescribing this requirement, however, in our opinion the General Assembly had no intention of repealing all of the schedules contained in T.C.A. § 50–6–207. The mere fact that a medical impairment rating to a particular member may translate, for purposes of these guides, into a disability rating to the body as a whole does not alter the rule that if an injury is to a scheduled member only, the statutory schedules must control the disability award.

Appellee insists that counsel for appellants in final argument conceded that the 14% permanent partial disability rating to the body as a whole made by Dr. Jefferies would constitute an appropriate basis for the award in the present case. It appears that that statement was made in response to a contention by counsel for appellee that the award should be 70% permanent partial disability to the body as a whole, and the statement was nothing more than legal argument unsupported by any proof. Likewise it was certainly not a stipulation by counsel who had just previously referred in his argument to the statutory schedules.

■ We recognize, of course, that the trial judge is not confined to the medical rating in making the ultimate award. The fact that Dr. Jefferies estimated that appellee would retain 35% permanent partial disability to the leg does not confine the trial judge to that percentage if other testimony justifies a different award. There is no material evidence in the record, however, to justify an award based upon an unscheduled injury to the body as a whole.

The judgment of the trial court is reversed, and the cause is remanded to that court for redetermination· of the disability rating. Under the evidence presently in the record, this award must be based upon the injury to a scheduled member, loss of use of the right leg.

Costs incident to the appeal are taxed to appellee. All other costs will be assessed by the trial judge. The motion of appellee for an award of damages based upon a frivolous appeal is denied.

FONES, COOPER and O'BRIEN, JJ., and BYERS, Special Judge, concur.