Donna B. WELLS, Plaintiff–Appellee,

v.

SENTRY INSURANCE COMPANY and Modine Manufacturing Company, Inc., Defendants–Appellants.

Supreme Court of Tennessee, at Knoxville.

July 27, 1992.

George H. Buxton, III, Buxton and Wilkinson, Oak Ridge, for defendants-appellants.

Roger L. Ridenour, Ridenour & Ridenour, Oak Ridge, for plaintiff-appellee.

## OPINION

ANDERSON, Justice.

In this workers' compensation appeal, the trial court awarded the plaintiff 65 percent permanent partial disability to the body as a whole. The defendant argues that although the monetary award would be the same, the trial court should have awarded benefits for a 65 percent permanent partial disability to scheduled members, i.e. the plaintiff's arms. We find no merit to this argument, conclude that the appeal is frivolous, and remand to the trial court for the assessment of damages for the frivolous appeal.

## FACTUAL AND PROCEDURAL HISTORY

On July 13, 1988, the plaintiff, Donna Wells, began to experience problems in both arms and wrists while working for the defendant, Modine Manufacturing Company. The plaintiff was referred to Dr. John T. Purvis, a neurosurgeon, who treated Wells conservatively for a period of time. She continued working, but her condition did not improve. As a result, Dr. Purvis performed carpal tunnel release surgery on the plaintiff's right upper extremity in October of 1989. After the surgery and a period of follow-up care, however, Wells' right wrist and arm were not improving, while her left wrist and arm were getting worse. Wells then saw another neurosurgeon, Dr. Bernhard Klieforth, who treated her for bilateral carpal tunnel syndrome from July 20, 1990 until March 22, 1991.

At the trial of this action, the only disputed issues were (1) the extent of the plaintiff's permanent partial disability, and (2) whether the disability was to scheduled members or the body as a whole.

The plaintiff testified that since she graduated from high school, she has worked as a grocery checker, a machinist, and an assembly line worker. However, as a result of the pain she now experiences, the plaintiff said she has difficulty performing even clerical work. Wells said she constantly experiences extreme pain in her hands and arms, which radiates up into her shoulders and neck.

Dr. Purvis testified that as a result of the problems on her right side, which he felt were limited to her arm, the plaintiff had sustained a 25 percent permanent partial impairment to the right upper extremity, or a 15 percent impairment to the body as a whole. With respect to the plaintiff's problems on her left side, Dr. Purvis testified that Wells had sustained a 10 percent permanent partial impairment "to the upper extremity in the left arm." Dr. Purvis, however, did not believe that the problems Wells had been experiencing in her neck were work-related.

Dr. Klieforth testified that Wells sustained a 33 percent permanent partial impairment to her right upper extremity, which translates into a 20 percent impairment to the body as a whole. Dr. Klieforth also assigned Wells a 17 percent permanent partial impairment rating to the left upper extremity, which he translated into a 10 percent impairment rating to the body as a whole. Although he testified that Wells' arm, hand, and shoulder pain could radiate from the nerves in her wrists, Dr. Klieforth agreed with Dr. Purvis' opinion that the plaintiff's neck problems were not work-related. Dr. Klieforth recommended she not engage in work that involved repetitive motions of the arms and hands.

Based upon the foregoing, the trial court found that Wells was entitled to benefits for a 65 percent permanent partial disability to the body as a whole.

Our review of findings of fact by the trial court is *de novo* upon the record of the trial court, accompanied by a presumption of the correctness of the findings, unless the preponderance of the evidence is otherwise. Tenn.Code Ann. § 50–6–225(e) (1983 & 1991); *Lollar v. Wal–Mart Stores, Inc.*, 767 S.W.2d 143 (Tenn.1989).

## DISABILITY TO THE BODY AS A WHOLE

■ The sole issue raised by the defendants on this appeal is whether the trial court erred in awarding the plaintiff benefits for disability to the body as a whole, as opposed to benefits for the loss of scheduled members. The defendants contend that the trial court should have awarded the plaintiff permanent partial disability benefits in accordance with Tenn.Code Ann. § 50–6–2907(3)(A)(ii)(w) (1983 & 1991), which provides that an injured employee shall be paid "[f]or the loss of two arms, other than at the shoulder, sixty-six and two-thirds percent (66⅔%) average weekly wages during four hundred (400) weeks."

The defendants argue that the medical proof demonstrates the plaintiff's disability is confined to her arms, and therefore the trial court should have awarded benefits for the loss of scheduled members. In making this argument, the defendants rely upon our previous decisions holding that an award of permanent partial disability for an injury to a scheduled member is exclusively controlled by the rate established by the legislature for that member, and is not includable in an award to the body as a whole. *See Reagan v. Tennessee Mun. League*, 751 S.W.2d 842 (Tenn.1988); *Wade v. Aetna Cas. & Sur. Co.*, 735 S.W.2d 215 (Tenn.1987); *Washington County Bd. of Educ. v. Hartley*, 517 S.W.2d 749 (Tenn. 1974); and *Chapman v. Clement Bros., Inc.*, 222 Tenn. 223, 435 S.W.2d 117 (1968).

The plaintiff, on the other hand, contends that the medical proof clearly establishes her disability affected not only her arms, but also her hands, wrists, and shoulders. As a result, the plaintiff argues that the trial court correctly awarded her permanent partial disability to the body as a whole under Tenn.Code Ann. §§ 50–6–207(3)(A)(ii) & (F) (1983 & 1991). Section 50–6–207(3)(A)(ii) provides that an injured employee shall receive 66⅔ percent of her average weekly wages in accordance with the schedule set forth in the statute, and § 50–6–207(F) provides that all cases of permanent partial disability not enumerated in the schedule shall be apportioned to the body as a whole, which shall have a value of 400 weeks. In making her argument, the plaintiff relies upon our previous decisions holding that disability resulting from an injury to a scheduled member may be apportioned to the body as a whole if the injury extends beyond the scheduled member. *See Smith v. Empire Pencil Company*, 781 S.W.2d 833 (Tenn.1989) and *Continental Ins. Co. v. Pruitt*, 541 S.W.2d 594 (Tenn.1976).

After reviewing the medical testimony, we conclude that the trial court correctly awarded the plaintiff benefits for a 65 percent permanent partial disability to the body as a whole. Although Dr. Purvis limited the plaintiff's nerve injury to her right and left hands and arms, he assigned disability ratings to her upper right and upper left extremities. Dr. Klieforth also assigned the plaintiff disability ratings to her upper right and upper left extremities based on nerve injury to the right and left hands and arms, and pain from the entrapped nerves in the hands, arms and shoulders.

This proof demonstrates that plaintiff's disability was to the body as a whole because "[t]he upper extremity is a unit of the whole man. It may be divided into four sections; the hand, the wrist, the elbow, and the shoulder." *Chapman v. Clement Bros., Inc., supra*, 222 Tenn. at 226, 435 S.W.2d at 118. Moreover, "an 'upper extremity' is not a scheduled member. This extremity necessarily includes the fingers, the thumb, the hand, and the arm—all scheduled members, irrespective of their being included in the term 'extremity' or 'upper extremity.'" *Continental Ins. Co. v. Pruitt, supra*, 541 S.W.2d at 597.

■ Furthermore, both doctors gave the plaintiff impairment ratings to the body

**938**

as a whole. While it is true that the mere fact a medical impairment rating to a scheduled member may translate into a rating to the body as a whole does not alter the rule that the statutory schedules must control a disability award for an injury to a scheduled member only, *Reagan v. Tennessee Mun. League, supra,* 751 S.W.2d at 844, it is also true that a disability resulting from an injury to a scheduled member may be apportioned to the body as a whole if the injury extends beyond the scheduled member. *Continental Ins. Co. v. Pruitt, supra,* 541 S.W.2d at 597. There is ample evidence in the record demonstrating that the plaintiff's disability from her work-related injuries affected her hands, wrists, arms, and shoulders.

Accordingly, we affirm the trial court's award to the body as a whole.

### FRIVOLOUS APPEAL

■ The corollary issue we address is whether the plaintiff should be awarded damages for a frivolous appeal pursuant to Tenn.Code Ann. § 27–1–122 (1980) and Tenn.Code Ann. § 50–6–225(i) (1991). Section 27–1–122 provides that:

[w]hen it appears to any reviewing court that the appeal from any court of record was frivolous or taken solely for delay, the court may, either upon motion of a party or of its motion, award just damages against the appellant, which may include but need not be limited to, costs, interest on the judgment, and expenses incurred by the appellee as a result of the appeal.

Section 50–6–225(i), which is part of the Workers' Compensation Law, provides that "[w]hen a reviewing court determines pursuant to motion or sua sponte that the appeal of an employer or insurer is frivolous, or taken for purposes of delay, a penalty may be assessed by such court, without remand, against the appellant for a liquidated amount."

The plaintiff contends that she should be awarded frivolous appeal damages because there was no reason for the defendants' appeal other than as a delay tactic. In support of her argument, Wells points out

that her disability award would be the same, regardless of whether it was to scheduled members or the body as a whole. We agree.

The plaintiff was awarded benefits for a 65 percent permanent partial disability to the body as a whole. Under Tenn.Code Ann. §§ 50–6–207(3)(A)(ii) & (F), the trial court's award of 65 percent entitled Wells to 66⅔ percent of her average weekly wages for 260 weeks (65 percent of 400 weeks). If the trial court had awarded the plaintiff disability benefits for the loss of scheduled members (the loss of two arms) under Tenn.Code Ann. § 50–6–207(3)(A)(ii)(w), Wells would be entitled to 66⅔ percent of her average weekly wages for 260 weeks (65 percent of 400 weeks), the very same amount she was awarded.

The defendants concede that the plaintiff's benefits would be the same regardless of whether they were awarded for the loss of scheduled members or for a disability to the body as a whole. They, however, contend that the medical proof demonstrates the plaintiff's disability is limited to scheduled members, and therefore, this Court should make the award consistent with the proof. Specifically, the defendants' brief states that "[w]hile it is conceded the weekly benefit therefor would be quantatively [sic] the same as a whole body impairment, nevertheless, the Court should be compelled to make the disability award consistent with proof."

If the defendants thought that the medical proof showed the plaintiff's disability was confined to scheduled members, and their sole concern was to make the award conform to the medical proof, they could have filed a motion in the trial court to alter or amend the judgment pursuant to Tenn.R.Civ.P. 59.04. Such a motion was never filed.

The defendants have cited no evidence or rule of law which would entitle them to a reversal or other relief from the decree of the trial court. *Kilpatrick v. Emerson Elec. Co.,* 685 S.W.2d 630, 632 (Tenn.1985); *Lambert v. Travelers Ins. Co.,* 626 S.W.2d 265, 267 (Tenn.1981). We, therefore, conclude this appeal is frivolous, and award to

the plaintiff damages against the defendants, which shall consist of all costs incurred on appeal, interest on the award until paid, expenses incurred by the plaintiff as a result of the appeal, including a reasonable attorneys' fee, the amount of which shall be determined by the trial judge upon remand.

The trial court judgment is affirmed in all respects. The case is remanded for further proceedings consistent with this opinion. The costs of this appeal are taxed to the defendants.

REID, C.J., and DROWOTA, O'BRIEN and DAUGHTREY, JJ., concur.