

FILED
Dec 19, 2022
06:34 AM(CT)
TENNESSEE
WORKERS' COMPENSATION
APPEALS BOARD



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## WORKERS' COMPENSATION APPEALS BOARD

| | | |
|---|---|---|
| Carla Scruggs | ) | Docket Nos. 2021-08-0875 |
| | ) | 2021-08-0876 |
| v. | ) | |
| | ) | State File Nos. 39617-2021 |
| Amazon.com Services, LLC, et al. | ) | 800483-2021 |
| | ) | |
| | ) | |
| Appeal from the Court of Workers' | ) | Heard December 2, 2022 |
| Compensation Claims | ) | in Nashville, Tennessee |
| Kenneth M. Switzer, Chief Judge | ) | |

---

### Affirmed and Remanded

---

In this interlocutory appeal, the employer asserts the trial court erred in awarding attorneys' fees for a frivolous appeal following our earlier remand. Initially, the employee reported injuring her left knee at work as a result of two separate accidents that occurred approximately three weeks apart. It was only after the second accident that the employee reported both incidents to the employer. After the cases were consolidated, the employer filed a motion for summary judgment, asserting that the employee failed to give proper notice of the first alleged accident. Following a hearing, the trial court issued an order denying the employer's motion for summary judgment and a separate order for continued medical treatment for any left knee condition found to arise primarily out of the employment. The employer appealed, and we concluded, in pertinent part, that the employer's appeal was frivolous. As a result, we remanded the case for a determination of reasonable attorneys' fees and costs arising from the frivolous appeal. Following entry of the trial court's order awarding attorneys' fees, the employer has appealed. Upon careful consideration of the record and the relevant statutory and regulatory provisions, we affirm the trial court's order and remand the case.

Presiding Judge Timothy W. Conner delivered the opinion of the Appeals Board in which Judge Pele I. Godkin and Judge Meredith B. Weaver joined.

W. Troy Hart and Adam C. Brock-Dagnan, Knoxville, Tennessee, for the employer-appellant, Amazon.com Services, LLC

Jonathan L. May, Memphis, Tennessee, for the employee-appellee, Carla Scruggs

**Factual and Procedural Background**

In our previous opinion issued June 27, 2022, we summarized the factual background of this case as follows:

On April 9, 2021, Carla Scruggs ("Employee") allegedly injured her left knee when she lifted a tote while working for Amazon.com Services, LLC ("Employer"). Employee did not immediately report the injury to Employer or seek medical treatment. Rather, she finished her shift and went home where she took over-the-counter medications and used ice and heat to manage her pain. Employee continued to work her scheduled shifts until April 30, when she slipped in liquid at work and allegedly injured the same knee. Employee reported the April 9 and April 30 incidents to Employer on April 30 and was initially seen at AmCare, Employer's on-site medical clinic, where she was given ibuprofen, ice, and a wrap for her knee. Employer later provided a panel of physicians from which Employee selected Dr. Frederick Wolf as her authorized physician.

Dr. Wolf first evaluated Employee on May 5 and noted she was having difficulty with her left knee. Medical records reflect Employee reported symptoms that "began as a result of an injury at work on 04/9/2021." Employee described "pulling totes on the line [and], as she pivoted she felt a pop in her left knee and has had difficulty since that time." Dr. Wolf ordered an MRI, obtained x-rays, which revealed no fracture, and placed Employee on light-duty restrictions. On May 17, Employer submitted a Notice of Denial for the April 9, 2021 injury . . . . Thereafter, an MRI of Employee's left knee was performed that revealed a lateral meniscus tear, and Dr. Wolf recommended surgery. On June 8, Dr. Wolf noted that Employee's claim "was denied a number of weeks ago but we were never informed of this."

Employee filed a petition for benefit determination and, following an unsuccessful mediation, two requests for expedited hearing, one for each date of injury. In response, Employer filed a Motion to Dismiss, which the trial court noted should be treated as a motion for summary judgment and which the trial court denied. The court's order allowed Employer an opportunity to file a motion for summary judgment. The court also consolidated Employee's two claims and set the matter for a hearing. The parties agreed to address both Employee's requests for benefits and the motion for summary judgment Employer anticipated filing at the same hearing. On February 4, 2022, Employer filed a motion for summary judgment. After a March 16, 2022 hearing, the trial court issued an order denying Employer's motion for summary judgment on April 6 and an order awarding medical benefits to Employee on April 7.

2

In considering the first appeal of this case, we evaluated whether Employer's appeal was frivolous:

> Specifically, Employee asserts, in part, that "there was no legitimate factual or legal issue that would suggest a reasonable chance of success for [Employer] on appeal." Employee asserts Employer "took no meaningful steps in the discovery phase of this cause beyond issuance of standard written discovery . . ., took no fact witness depositions, nor did it take the deposition of [Employee]. [Employer] took no expert medical depositions . . . [and] did not even ask the Authorized Treating Physician to complete one of its customary causation questionnaires before showing up on appeal to make empty arguments about what such medical opinions might mean for the case." Employee further points to the fact that Employer failed to put on any proof outside the cross-examination of Employee, and "did not even touch upon summary judgment in its appeal, other than to include it on the Notice of Appeal and list it in the 'Statement of Issues' in its brief."
>
> As we have noted previously, a frivolous appeal is one that is devoid of merit or brought solely for delay. *Yarbrough v. Protective Servs. Co., Inc.*, No. 2015-08-0574, 2016 TN Wrk. Comp. App. Bd. LEXIS 3, at *11 (Tenn. Workers' Comp. App. Bd. Jan. 25, 2016); *see also Burnette v. WestRock*, No. 2016-01-0670, 2017 TN Wrk. Comp. App. Bd. LEXIS 66, at *15 (Tenn. Workers' Comp. App. Bd. Oct. 31, 2017) ("Stated another way, a frivolous appeal is one that . . . had no reasonable chance of succeeding." (internal citation and quotation marks omitted)). Litigants "should not be required to endure the hassle and expense of baseless litigation. Nor should appellate courts be required to waste time and resources on appeals that have no realistic chance of success." *Yarbrough*, 2016 TN Wrk. Comp. App. Bd. LEXIS 3, at *10-11 (internal citations omitted). We agree that Employer presented no credible argument on appeal and that it had no realistic chance of success on appeal. Thus, we conclude Employer's appeal is devoid of merit and is frivolous, and Employee is entitled to recover reasonable attorneys' fees and costs associated with the frivolous appeal, the amount of which shall be determined by the trial court on remand.

(Footnote omitted.)

Following remand, the trial court gave both parties the opportunity to present evidence and argument on the frivolous appeal issue, and it conducted a hearing on September 8, 2022. Following the hearing, the court ordered payment of attorneys' fees in the amount of $10,080.00. No costs were sought or awarded. Employer has appealed.

**Standard of Review**

The standard we apply in reviewing a trial court's decision presumes that the court's factual findings are correct unless the preponderance of the evidence is otherwise. *See* Tenn. Code Ann. § 50-6-239(c)(7) (2022). The interpretation and application of statutes and regulations are questions of law that are reviewed *de novo* with no presumption of correctness afforded the trial court's conclusions. *See Mansell v. Bridgestone Firestone N. Am. Tire, LLC*, 417 S.W.3d 393, 399 (Tenn. 2013). We are also mindful of our obligation to construe the workers' compensation statutes "fairly, impartially, and in accordance with basic principles of statutory construction" and in a way that does not favor either the employee or the employer. Tenn. Code Ann. § 50-6-116 (2022).

**Analysis**

The parties have raised several issues on appeal. Employer asserts that we exceeded our authority in remanding this case for an award of attorneys' fees and costs following our finding that Employer's initial appeal was frivolous. It has *not* challenged our original conclusion that the first appeal was frivolous or the amount subsequently awarded by the trial court in attorneys' fees. Employer's sole issue is whether we have the statutory or regulatory authority to remand a case for an award of attorneys' fees and costs following a frivolous appeal finding. For her part, Employee raises three issues, which we have restated as: (1) whether Employer's failure to put the Tennessee Attorney General's office on notice of the dispute is fatal to this appeal; (2) whether Employer has alleged any error on the part of the trial court; and (3) whether the current appeal is frivolous and, if so, whether an additional award of fees is merited.

*Authority Related to Frivolous Appeals*

All authority exercised by an administrative tribunal must have statutory or regulatory support. *Entertainer 118 v. Metro Sexually Oriented Bus. Licensing Bd.*, No. M2008-01994-COA-R3-CV, 2009 Tenn. App. LEXIS 550, at *8 (Tenn. Ct. App. Aug. 14, 2009) (concluding a metropolitan charter cannot grant an administrative tribunal powers not authorized by its enabling legislation). In some circumstances, an administrative tribunal is expected to apply a higher court's interpretation of relevant statutes or regulations or other common law principles. *See, e.g.*, *All Access Coach Leasing, LLC v. McCord*, No. M2020-01368-COA-R3-CV, 2021 Tenn. App. LEXIS 428 (Tenn. Ct. App. Oct. 28, 2021) (concluding an administrative review tribunal had correctly applied common law principles in determining whether certain workers were employees or independent contractors). Hence, in evaluating the issues raised in this case, we must look to the language of relevant statutes and regulations as well as our appellate courts' prior interpretations of those statutes and regulations.

First, in Tennessee Code Annotated section 4-3-1409(a), the legislature declared "that the independence of the bureau of workers' compensation is paramount." Consequently, the legislature granted certain authority to the Administrator of the Tennessee Bureau of Workers' Compensation ("Bureau"), including the "development and maintenance of an organizational structure to ensure fair, equitable, expeditious, and efficient administration of the workers' compensation law." Tenn. Code Ann. § 4-3-1409(b)(A).

Moreover, in Tennessee Code Annotated section 50-6-118, the Bureau was given the authority to promulgate rules in accordance with the Uniform Administrative Procedures Act ("UAPA") to "establish and collect penalties" for certain actions committed by a party in a workers' compensation case. All such penalties, except for those related to an employer's failure to provide workers' compensation coverage or qualify as a self-insured entity, are paid "to the bureau for use by the bureau, at the discretion of the administrator, to offset the cost of administering this chapter." Tenn. Code Ann. § 50-6-118(b).[1] Penalties assessed by the Bureau in accordance with section 50-6-118 are subject to the provisions of the UAPA, which provides for, among other things, appeal of a penalty to an agency member designated by the Administrator, who will conduct a contested case hearing in accordance with the UAPA. For purposes of this analysis, it is significant to note that section 50-6-118 does *not* address frivolous appeals or provide for the imposition of any penalties associated with such appeals.

Thereafter, in Tennessee Code Annotated section 50-6-233, the legislature provided the Administrator with additional authority as follows:

> (a)(1) There is conferred upon the administrator the power to enforce this chapter that relate[s] to the assurance of payments of the awards under this chapter.
>
> . . . .
>
> (b) In addition to the rulemaking authority granted in § 50-6-118, and subsection (a), the administrator . . . may promulgate rules and regulations implementing this chapter.

One such regulation is Tenn. Comp. R. & Regs. 0800-02-22-.09(4), which states:

> When it appears to the appeals board that an appeal was frivolous or taken solely for delay, the appeals board may, either upon motion of a party or of

---

[1] Penalties related to an employer's failure to provide workers' compensation coverage or qualify as a self-insured entity are paid into the Uninsured Employers' Fund. *See* Tenn. Code Ann. § 50-6-118(b).

its own motion, award expenses, including reasonable attorney's fees, incurred by the appellee as a result of the appeal.

The regulation noted above, however, is not the only provision that addresses frivolous appeals in workers' compensation cases. Tennessee Code Annotated section 50-6-225(d) states as follows:

> When a reviewing court determines pursuant to motion or sua sponte that the appeal of an employer or insurer is frivolous, or taken for purposes of delay, a penalty may be assessed by the court, without remand, against the appellant for a liquidated amount.

Here, Employer argues that the language of Tennessee Code Annotated section 50-6-225(d), which describes awarding a "penalty" for a "liquidated amount" without remand, is inherently inconsistent with the language in Tenn. Comp. R. and Regs. 0800-2-22-.09(4), which provides for an award of "expenses, including reasonable attorney's fees" following a frivolous appeal finding. As a result of this inconsistency, Employer argues, the regulation must give way to the statute. Before addressing such assertions, however, it is necessary to address certain of Employee's arguments.

*Challenges to the Validity of a Statute or Regulation*

Tenn. Comp. R. and Regs. 0800-02-22-.10(2) provides that "[w]hen the validity of a statute of this state or an administrative rule or regulation of this state is drawn into question . . . the party raising such question *shall* serve a copy of the party's notice of appeal, and any subsequent brief on the Attorney General of Tennessee." (Emphasis added.) The use of the word "shall" creates a mandate, not an option. *Cf. Gentry v. Arapazuma, Inc.*, No. 2019-06-2140, 2022 TN Wrk. Comp. App. Bd. LEXIS 30, at *11 n.3 (Tenn. Workers' Comp. App. Bd. July 19, 2022) ("As we have noted previously, the use of the word 'must' in the rule signals a requirement, not a suggestion.") Thereafter, subparagraph (4) of the same regulation gives the Attorney General an opportunity to file a brief and, if oral arguments are scheduled, be heard. Here, it is undisputed that the Tennessee Attorney General's office was not served with a copy of Employer's notice of appeal or brief. Thus, to the extent Employer is challenging the validity of Tenn. Comp. R. and Regs. 0800-02-22-.09(4), we agree with Employee that Employer has failed to properly preserve the issue for appeal.[2]

---

[2] During oral argument, Employer asserted that, pursuant to Rule 24.04 of the Tennessee Rules of Civil Procedure, a trial court is obligated to *direct* a party to provide notice to the Attorney General when the validity of a regulation is challenged, and that this was not done here. We conclude, however, that this procedural rule must give way to Tenn. Comp. R. and Regs. 0800-02-22-.10(2). Tennessee Code Annotated section 50-6-239(c)(1) states: "Whenever the administrator has adopted an alternate procedural or evidentiary rule that conflicts with the Tennessee Rules of Civil Procedure or the Tennessee Rules of Evidence, the rule adopted by the administrator shall apply." Tenn. Code Ann. § 50-6-239(c)(1) (2022).

That conclusion, however, does not end our inquiry. In addition to challenging the validity of the regulation in question, Employer also argues that we have misinterpreted and/or misapplied the language of Tennessee Code Annotated section 50-6-225(d), which we address below.

*Issues Preserved for Appeal*

Employee next argues that this appeal is flawed because Employer does not allege any errors on the part of the trial court in its order awarding attorneys' fees. Employer has not challenged the amount of the trial court's award; however, at the hearing before the trial court, Employer did raise the issue of whether we had the authority to remand the case for an award of attorneys' fees and costs following our frivolous appeal finding. The trial court concluded the issue was beyond the scope of its authority and did not specifically address it in its order. During the hearing, however, the trial court commented that "such a question is best posed to the Appeals Board if that is what [Employer] is inclined to do." In short, the issue was presented and argued at the hearing, included in the notice of appeal, and addressed in the briefs. Therefore, we conclude the issue was properly preserved for appeal. *See* Tenn. Comp. R. & Regs. 0800-02-22-.05(3) (briefs in interlocutory appeals must "specify the issues presented for review").

*Remedies for a Frivolous Appeal*

Employer hinges its argument on three components of Tennessee Code Annotated section 50-6-225(d): "penalty," "liquidated amount," and "without remand."[3] It is also crucial, in our view, to note the use of the word "may" in this subsection. Thus, when a reviewing court concludes an appeal is frivolous, that tribunal *may* award a penalty, without remand, for a liquidated amount. The use of the word "may" in a statute indicates a permissive, not mandatory, action. *See, e.g.*, *Embraer Aircraft Maint. Servs. v. AeroCentury Corp.*, 538 S.W.3d 404, 408 (Tenn. 2017) (addressing the "use[] of the permissive word 'may'" in a Tennessee statute).

The question then arises whether an award of a "penalty" in a "liquidated amount" by the reviewing court is the only possible remedy in workers' compensation cases where a party has filed a frivolous appeal. On this point, there is significant precedent to guide our analysis. For example, in *Cherokee Ins. Co. v. McNabb*, No. E2010-02348-WC-R3-WC, 2011 Tenn. LEXIS 768 (Tenn. Workers' Comp. Panel Aug. 29, 2011), the Supreme Court's Special Workers' Compensation Appeals Panel concluded an insurer's appeal was frivolous. *Id.* at *12. Citing the relevant language as noted above, now codified in subsection 50-6-225(d), the Court assessed a penalty of $2,000.00 against the insurer for the frivolous appeal. *Id.*

---

[3] Tennessee Code Annotated section 50-6-225(e) includes virtually identical language applicable in cases where the employee has filed a frivolous appeal.

Yet, in *Ferrell v. APAC-Tennessee, Inc.*, No. M1999-02260-WC-R3-CV, 2000 Tenn. LEXIS 722 (Tenn. Workers' Comp. Panel Dec. 1, 2000), the Workers' Compensation Appeals Panel took a different approach. There, the Court commented on the employer's defense of the claim:

> [I]f a defendant is so uninterested in exerting either the effort or expense of defending itself at trial that it chooses to offer no medical proof, no exhibits and no witnesses to rebut the plaintiff's more than adequate showing, then any appeal pursued with a corresponding level of disinterest must necessarily be viewed as frivolous and as a waste of this court's time. This court clearly has the authority to award damages for frivolous appeals *sua sponte*.

*Id.* at *10-11. Instead of awarding a penalty in a specified amount, however, the Court cited the same statutory language noted above but remanded the case to the trial court "for imposition of appropriate penalty for frivolous appeal which may include, but need not be limited to, costs, interest on the judgment, expenses[,] *and attorney fees*." *Id.* at *12 (emphasis added). Thus, the Appeals Panel has interpreted the word "penalty" as used in section 225(d) more broadly than is advocated by Employer in this case, and the Appeals Panel has further explained that a "penalty" may include attorneys' fees and expenses in the context of this statute.

Even more recently, the Supreme Court's Special Workers' Compensation Appeals Panel addressed a frivolous appeal in a similar manner. In *Harris v. Mastec N. Am., Inc.*, No. M2016-02307-SC-R3-WC, 2017 Tenn. LEXIS 894 (Tenn. Workers' Comp. Panel Jan. 9, 2018), the Appeals Panel concluded that the employer's appeal was frivolous. Instead of awarding a set penalty against the employer, the Appeals Panel remanded the case to the trial court "for a determination of reasonable attorneys' fees and expenses incurred by [the employee] in defending the appeal." *Id.* at *11. In doing so, the Appeals Panel cited the same statutory language upon which Employer relies in the present case. *See also Reatherford v. Lincoln Brass Works*, No. 01S01-9707-CV-00145, 1998 Tenn. LEXIS 33, at *5 (Tenn. Workers' Comp. Panel Jan. 26, 1998) (the case was remanded to the trial court pursuant to Tennessee Code Annotated section 50-6-225 "for the assessment of damages . . . as upon a frivolous appeal").

Moreover, in 1992, the full Tennessee Supreme Court addressed the issue of a frivolous appeal in *Wells v. Sentry Ins. Co.*, 834 S.W.2d 935 (Tenn. 1992).[4] Despite having the clear statutory authority to award a penalty, without remand, for a liquidated amount, the Court explained as follows:

---

[4] At the time *Wells* was decided, the same statutory language as noted above appeared in Tennessee Code Annotated section 50-6-225(i).

> The defendants have cited no evidence or rule of law which would entitle them to a reversal or other relief from the decree of the trial court. We, therefore, conclude this appeal is frivolous, and award *to the plaintiff* damages against the defendants, which shall consist of all costs incurred on appeal, interest on the award until paid, expenses incurred by the plaintiff as a result of the appeal, *including a reasonable attorneys' fee*, the amount of which shall be determined by the trial judge *upon remand*.

*Id.* at 938-39 (emphasis added). Significantly, despite the language in section 50-6-225, the Supreme Court chose not to impose a penalty for a set amount it determined, but it instead *remanded* the case to allow the trial court to determine an award "to the plaintiff" for the frivolous appeal, including a reasonable attorneys' fee.

Thus, both the Tennessee Supreme Court and its Special Workers' Compensation Panel, relying on the same or substantially similar statutory language as is at issue in the present case, have crafted different remedies for frivolous appeals, which includes cases in which a set penalty was awarded and cases where the appellate court remanded the case for an award of "damages," including attorneys' fees and costs. Given this authoritative precedent, we conclude that the provisions of Tennessee Code Annotated section 50-6-225(d) and (e) are *not* inherently inconsistent with Tenn. Comp. R. and Regs. 0800-02-22-.09(4). Instead, subsections 225(d) and (e) provide *a* remedy, but not the only remedy, for frivolous appeals. The Bureau's Administrator, through its rulemaking authority, has articulated another remedy for frivolous appeals that is consistent with the Supreme Court's interpretation of the frivolous appeal remedies authorized by Tennessee Code Annotated section 50-6-225. Therefore, we find Employer's arguments without merit.

## *Frivolous Appeal*

Finally, although we have concluded Employer's arguments in this appeal are without merit, we do *not* find that the arguments were so devoid of merit, or taken solely for delay, as to support another penalty or award of attorneys' fees and costs. We therefore decline Employee's request for an additional award of fees and costs in this matter.

## Conclusion

For the foregoing reasons, we affirm the trial court's order awarding attorneys' fees to Employee for a frivolous appeal and remand the case.



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
# WORKERS' COMPENSATION APPEALS BOARD

| | | |
|---|---|---|
| Carla Scruggs | ) | Docket Nos. 2021-08-0875 |
| | ) | 2021-08-0876 |
| v. | ) | |
| | ) | State File Nos. 39617-2021 |
| Amazon.com Services, LLC, et al. | ) | 800483-2021 |
| | ) | |
| | ) | |
| Appeal from the Court of Workers' | ) | Heard December 2, 2022 |
| Compensation Claims | ) | in Nashville, Tennessee |
| Kenneth M. Switzer, Chief Judge | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Appeals Board's decision in the referenced case was sent to the following recipients by the following methods of service on this the 19th day of December, 2022.

| Name | Certified Mail | First Class Mail | Via Fax | Via Email | Sent to: |
|---|---|---|---|---|---|
| Adam C. Brock-Dagnan | | | | X | acbrock-dagnan@mijs.com wth@mijs.com |
| Jonathan May | | | | X | jmay@forthepeople.com cwoods@forthepeople.com |
| Kenneth M. Switzer, Chief Judge | | | | X | Via Electronic Mail |
| Penny Shrum, Clerk, Court of Workers' Compensation Claims | | | | X | penny.patterson-shrum@tn.gov |



Olivia Yearwood
Clerk, Workers' Compensation Appeals Board
220 French Landing Dr., Ste. 1-B
Nashville, TN 37243
Telephone: 615-253-1606
Electronic Mail: WCAppeals.Clerk@tn.gov